DAVIS WRIGHT TREMAINE LLP
James H. Moon (SBN 268215)
jamesmoon@dwt.com
Daniel H. Leigh (SBN 310673)
danielleigh@dwt.com
Sancho Accorsi (SBN 329413)
sanchoaccorsi@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant Microsoft Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

STELLA TATOLA,

Plaintiff,

v.

BARNABY LTD., LLC, and MICROSOFT CORPORATION,

Defendants.

Case No. 3:24-cv-03789-JD

**DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**[*Filed concurrently with Motion to Stay Case, Request for Judicial Notice, and Proposed Orders*]**

Assigned to the Honorable James Donato
Courtroom 11

<u>Hearing</u>
Date: October 24, 2024
Time: 10:00 a.m.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 24, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable James Donato of the above-titled Court, located at 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, California 94102, Defendant Microsoft Corporation will and hereby does move this Court for an order dismissing Plaintiff Stella Tatola's claims against Microsoft as stated in her First Amended Complaint ("FAC"), ECF No. 16, for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6) (the "Motion").

Microsoft is concurrently filing a motion to stay this action pending the Ninth Circuit's resolution of the appeal in *Popa v. PSP Grp., LLC*, No. 24-14 (9th Cir.), in which a plaintiff alleges PSP Group LLC and Microsoft violated wiretap and privacy laws because Microsoft Clarity was allegedly running on an ecommerce website when the plaintiff visited it. As Microsoft explains in its motion to stay, the issues on appeal include whether the plaintiff alleged Article III standing and, even if she did, whether the Ninth Circuit should affirm the district court's dismissal on other grounds supported by the record, including failure to state a claim. Because this appeal will address issues directly relevant to this case, in the interests of efficiency and judicial economy, the Court should grant Microsoft's motion to stay this case pending resolution of the appeal, but if the Court declines to stay this case, the Court should grant Microsoft's Rule 12 Motion.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, and any other evidence or argument which the Court may consider.

Dated: September 13, 2024

DAVIS WRIGHT TREMAINE LLP

By: /s/ James H. Moon
James H. Moon

*Attorneys for Defendant Microsoft Corporation*



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

**TABLE OF CONTENTS**

**Page**


I. INTRODUCTION ........ 1

II. ISSUES TO BE DECIDED ........ 2

III. FACTUAL ALLEGATIONS ........ 2

A. Microsoft Offers Analytics and Advertising Software to Website Operators. ........ 2

B. Barnaby Discloses Its Use of Tools Like Clarity and UET. ........ 3

C. Plaintiff's Allegations About Her Use of Barnaby's Website. ........ 4

IV. PLAINTIFF LACKS ARTICLE III STANDING ........ 4

A. Plaintiff Does Not Allege Injury to a Traditional Privacy Interest. ........ 5

1. Clarity and UET Do Not Collect Personally Identifying Information. ........ 5

2. The Information Allegedly Collected Is Not Traditionally Protected. ........ 6

3. Plaintiff Does Not Allege What Information Was Collected. ........ 8

B. Plaintiff Does Not Allege Any Economic Injury. ........ 8

C. Plaintiff Does Not Allege Injury Fairly Traceable to Microsoft. ........ 9

V. PLAINTIFF FAILS TO STATE A CLAIM ........ 9

A. Plaintiff's CIPA Claim Fails. ........ 9

B. Plaintiff's Federal Wiretap Act Claim Fails. ........ 12

C. Plaintiff's Invasion of Privacy Claims Fail. ........ 12

D. Plaintiff's UCL Claim Fails. ........ 14

E. Plaintiff's Unjust Enrichment Claim Fails. ........ 15

F. Equitable Remedies Are Unavailable to Plaintiff. ........ 15

VI. CONCLUSION ........ 15




DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. PSP Grp., LLC*,
691 F. Supp. 3d 1031 (E.D. Mo. 2023) ........ 8

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ........ 15

*B.K. v. Eisenhower Med. Ctr.*,
2024 WL 878100 (C.D. Cal. Feb. 29, 2024) ........ 11, 14

*Bayview Hunters Point Residents v. Tetra Tech EC, Inc.*,
2021 WL 1222164 (N.D. Cal. Mar. 31, 2021) ........ 14

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023) ........ *passim*

*Cousin v. Sharp Healthcare*,
681 F. Supp. 3d 1117 (S.D. Cal. 2023) ........ 14

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ........ 15

*Doe I v. Google LLC*,
2024 WL 3490744 (N.D. Cal. July 22, 2024) ........ 12, 14, 15

*Farst v. AutoZone, Inc.*,
700 F. Supp. 3d 222 (M.D. Pa. 2023) ........ 7, 13

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ........ 15

*Graham v. Wells Fargo Bank, N.A.*,
2017 WL 86013 (N.D. Cal. Jan. 10, 2017) ........ 14

*Gutierrez v. Converse Inc.*,
2024 WL 3511648 (C.D. Cal. July 12, 2024) ........ 10

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (2022) ........ 12, 13, 14

*Heeger v. Facebook, Inc.*,
2019 WL 7282477 (N.D. Cal. Dec. 27, 2019) ........ 12

*Hubbard v. Google LLC*,
2024 WL 3302066 (N.D. Cal. July 1, 2024) ........ 13, 15



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

*Hughes v. Apple, Inc.*,
2024 WL 1140998 (N.D. Cal. Mar. 15, 2024) .......... 11

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) .......... 9

*In re Google*,
457 F. Supp. 3d at 843–44 .......... 14

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) .......... 14

*In re Google Location History Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019) .......... 5

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016) .......... 7

*In re TikTok, Inc., Consumer Priv. Litig.*,
2024 WL 278987 (N.D. Ill. Jan. 25, 2024) .......... 2

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) .......... 12

*In re Zillow Grp., Inc. Session Replay Software Litig.*,
2023 WL 5916559 (W.D. Wash. Sept. 11, 2023) .......... 5

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) .......... 10

*James v. Allstate Ins. Co.*,
2023 WL 8879246 (N.D. Cal. Dec. 22, 2023) .......... 10, 11

*Ji v. Naver Corp.*,
2022 WL 4624898 (N.D. Cal. Sept. 30, 2022) .......... 8

*Jones v. Papa John's Int'l, Inc.*,
2023 WL 7155562 (E.D. Mo. Oct. 31, 2023) .......... 3

*Jones v. Peloton Interactive, Inc.*,
2024 WL 1123237 (S.D. Cal. Mar. 12, 2024) .......... 10

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .......... 10

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. Mar. 7, 2023) .......... 11

*Lightoller v. Jetblue Airways Corp.*,
2023 WL 3963823 (S.D. Cal. June 12, 2023) .......... 6



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........................................................................ 6

*Lowe v. Clift*,
2007 WL 2112672 (E.D. Tenn. July 19, 2007)................................................................ 13

*Massie v. Gen. Motors LLC*,
2022 WL 534468 (D. Del. Feb. 17, 2022) ...................................................................... 6

*Mikulsky v. Noom, Inc.*,
2024 WL 251171 (S.D. Cal. Jan. 22, 2024) ................................................................ 5, 6

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) ............................................................................ 8

*Patel v. City of Montclair*,
798 F.3d 895 (9th Cir. 2015)........................................................................................ 13

*Pena v. GameStop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023) ........................................................................ 12

*Phillips v. Brooklyn Bedding LLC*,
2024 WL 2830663 (N.D. Cal. Mar. 28, 2024) .............................................................. 15

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022)........................................................................................ 12

*Popa v. PSP Grp., LLC*,
2023 WL 7001456 (W.D. Wash. Oct. 24, 2023)......................................................*passim*

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 21, 2021) .............................................................. 12

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ................................................................ 11

*Saeedy v. Microsoft Corp.*,
2023 WL 8828852 (W.D. Wash. Dec. 21, 2023).......................................................... 6, 8

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020)........................................................................................ 15

*Spokeo v. Robins*,
578 U.S. 330 (2016) ....................................................................................................... 4

*Tamraz v. Bakotic Pathology Assocs., LLC*,
2022 WL 16985001 (S.D. Cal. Nov. 16, 2022) ............................................................ 14

*Tavernetti v. Super. Ct.*,
22 Cal. 3d 187 (1978)...................................................................................................... 9




DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

*Thomas v. Papa Johns Int'l, Inc.*,
2023 WL 6370641 (S.D. Cal. Aug. 14, 2023) ........ 13

*Thomas v. Papa Johns Int'l, Inc.*,
2024 WL 2060140 (S.D. Cal. May 8, 2024) ........ 6, 13

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ........ 5

*United States v. Taylor*,
935 F.3d 1279 (11th Cir. 2019) ........ 7

*Valenzuela v. Super Bright LEDs Inc.*,
2023 WL 8424472 (C.D. Cal. Nov. 27, 2023) ........ 10, 11

*Williams v. DDR Media, LLC*,
2023 WL 5352896 (N.D. Cal. Aug. 18, 2023) ........ 12

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023) ........ 9

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ........ 10

**Statutes**

18 U.S.C.
§ 2511 ........ 1, 12

California Business & Professions Code
§§ 17200, *et seq* ........ 1

California Penal Code
§ 631 ........ 1, 9, 10, 11

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........ 2

# I. INTRODUCTION

Microsoft offers various advertising and analytics software services to help website operators better understand and improve the user experience on their websites. Those services include Microsoft Clarity, a "session replay" software service that gives website operators information about how users navigate their websites, and Microsoft's Universal Event Tag ("UET"), which gives website operators the option to use targeted advertising, and also enables them to track campaign conversions and manage their advertising campaigns more effectively. Services such as these are widely used across the internet.

Plaintiff's complaint is another in a slew of lawsuits challenging the use of advertising and website analytics software on privacy grounds. Plaintiff alleges she visited a website operated by Defendant Barnaby Ltd., LLC ("Barnaby"). She alleges it used Clarity and what Plaintiff calls the "Microsoft Advertising" or "Bing tracker."[1] Plaintiff alleges no details about her use of Barnaby's website, what pages she visited or products she viewed, or what products she purchased. *See* First Amended Complaint ("FAC") ¶ 74. Instead, she alleges that Clarity and UET recorded her vague, unspecified, and anonymized online-shopping activities on Barnaby's website. Based on these limited allegations, Plaintiff claims Microsoft (1) violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631; (2) violated the federal Wiretap Act, 18 U.S.C. § 2511; (3) intruded upon her seclusion; (4) invaded her privacy under the California Constitution; (5) violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (6) was unjustly enriched.

The Court should dismiss Plaintiff's complaint, as have many courts when faced with similar claims based on advertising and website analytics software, including Microsoft Clarity. *See, e.g.*, *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 66 (W.D. Pa. 2023), *appeal pending*. In dismissing similar claims, the court in *Cook* explained that "[p]roduct preference information is not personal information" and "is no different from what [defendant's] employees would have been able to observe if [plaintiff] had gone into a brick-and-mortar store and began browsing."

---

[1] There is no Microsoft service called the "Microsoft Advertising tracker" or "Bing tracker." Based on Plaintiff's allegations, Microsoft assumes Plaintiff is referring to Microsoft's UET service, which is used to enable Microsoft Advertising.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

*Id.* The same rationale applies here. The Court should dismiss the FAC for two reasons:

*First*, the Court should dismiss the FAC for lack of subject matter jurisdiction because Plaintiff does not allege an injury-in-fact or causation sufficient to establish Article III standing. Plaintiff does not identify what information about her that Microsoft collected. And the sources she incorporates by reference in her FAC confirm that Microsoft anonymizes information it collects through Clarity and UET. She does not allege that Microsoft associated any anonymized information with *her identity*, or that Microsoft collected information that is traditionally recognized as private. Courts routinely dismiss privacy and wiretapping claims like Plaintiff's for lack of Article III standing in similar circumstances. *See, e.g.*, *Popa v. PSP Grp., LLC*, 2023 WL 7001456, at *4 (W.D. Wash. Oct. 24, 2023), *appeal docketed*, No. 24-14 (9th Cir. Jan. 2, 2024) (dismissing claims based on use of Microsoft Clarity on Article III grounds).

*Second*, if the Court were to find Article III standing, it should still dismiss Plaintiff's claims under Rule 12(b)(6) based on the myriad claim-specific deficiencies. Plaintiff's CIPA claim fails because she does not allege that Microsoft collected the content of any of her communications or that Microsoft attempted to read any information while it was in transit. Her Wiretap Act claim fails because Barnaby, a party to the alleged communications, gave its consent for Microsoft to allegedly intercept them. Her invasion of privacy claims fail because she does not have a reasonable expectation of privacy in online shopping, nor is collection of online shopping information highly offensive. And her UCL and unjust enrichment claims fail with her other claims. Plaintiff also has not plead the prerequisite lack of legal remedies or impending future harm necessary to seek the equitable relief she claims.

## II. ISSUES TO BE DECIDED

If this action is not stayed pending the Ninth Circuit's decision in *Popa*, whether Plaintiff fails to (1) allege Article III standing or (2) state a claim.

## III. FACTUAL ALLEGATIONS

### A. Microsoft Offers Analytics and Advertising Software to Website Operators.

Microsoft offers various software to help website operators improve and streamline users' experience on their websites. These kinds of analytics services are "widely used," *In re*



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

*TikTok, Inc., Consumer Priv. Litig.*, 2024 WL 278987, at *7 n.8 (N.D. Ill. Jan. 25, 2024), and Plaintiff's is one of many "lawsuits challenging the use of 'session replay code'" and advertising and analytics software, *Jones v. Papa John's Int'l, Inc.*, 2023 WL 7155562, at *1 (E.D. Mo. Oct. 31, 2023). Plaintiff bases her claims on Microsoft Clarity and UET. FAC ¶¶ 22, 28.

**Clarity.** Clarity is a session replay application that Microsoft offers free to website operators. It allows website operators to collect anonymized "session data," allegedly tied to an identifier called Microsoft User ID or "MUID," reflecting user interactions with a website, such as "mouse movements, clicks/taps, scrolls, [and] navigation." FAC ¶¶ 22, 24. As shown in the FAC, a MUID is an alphanumeric string that does not contain any personally identifying information. FAC at 6–10. The Clarity webpages that Plaintiff relies upon—and incorporates by reference into the FAC—show that Clarity collects only "nonpersonally identifiable" and "anonymous" data. *See* Request for Judicial Notice ("RJN"), Ex. A at 2; *id.*, Ex. B at 1.

**UET.** Plaintiff alleges that UET "enables website owners to track and analyze user behavior, deliver relevant advertisement based on users' actions and interests, and measure the effectiveness of their advertising campaigns." FAC ¶ 27. She alleges that UET also uses the anonymous MUID, *id.* ¶ 29—not any personally identifiable information or data.

**B. Barnaby Discloses Its Use of Tools Like Clarity and UET.**

Barnaby's websites—www.goodvibes.com and www.babeland.com (the "Websites")—prominently display a banner informing users that by browsing the sites they "agree[] to [the] use of cookies." FAC ¶ 40. The hyperlink in "cookies" redirects to the Websites' (identical) privacy policies. *Id.* ¶ 41. The Barnaby privacy policies, which Plaintiff incorporates by references into her FAC, inform visitors that the Websites "may collect certain limited non-personally identifying information your browser makes available whenever you visit the Website" and use "cookies and other identification technologies" including technologies from "partners." RJN, Ex. C at 2; *id.*, Ex. D at 2. Barnaby discloses that it uses cookies to "understand the online behaviors and interests of people who interact with our products and services online" and "measur[e] the effectiveness of advertising campaigns[ and] analyz[e] site traffic and trends." *Id.*, Ex. C at 2; *id.*, Ex. D at 2. Barnaby discloses that it contracts with "[s]ervice [p]roviders"



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

for, among other things, "marketing and promotions functions" and provides these service providers "the information necessary for them to perform their services on our behalf." *Id.*, Ex. C at 2–3; *id.*, Ex. D at 3.

**C. Plaintiff's Allegations About Her Use of Barnaby's Website.**

Plaintiff alleges she "visited, browsed, and purchased adult products from one of Barnaby's Websites, www.goodvibes.com." FAC ¶ 74. That is her sole allegation about her visit to any of Barnaby's Websites. She does not say what she viewed, what she bought, or what input she provided to the website. She does not allege that she visited www.babeland.com at all. To the extent she alleges Defendants collected *any* data about her use of Barnaby's sites (and she alleges no such information with any specificity), Plaintiff never alleges that Microsoft personally identified her from it.

Plaintiff generally asserts that Clarity and UET can collect "any text used in the search bar on the Websites," the "categories of products" users browse, the "specific product[s]" users view, "when a user adds a product to the cart," and "when a user initiates check out and makes a purchase." FAC ¶¶ 32–37. But Plaintiff never alleges that Microsoft collected any specific data about her use of Barnaby's Websites, much less that any of it could be connected to *her*.

Based on these allegations, Plaintiff seeks to represent a nationwide class of people who "interacted" with Barnaby's Websites during the four years preceding her Complaint. FAC ¶ 84.

**IV. PLAINTIFF LACKS ARTICLE III STANDING**

To establish Article III standing, Plaintiff must allege that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). This Court should dismiss this action—as have other courts faced with similar cases—because Plaintiff fails to allege any cognizable injury, let alone one fairly traceable to Microsoft. *See Popa*, 2023 WL 7001456, at *4 (dismissing complaint regarding Clarity on Article III grounds); *Cook*, 689 F. Supp. 3d at 66 (same).



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

### A. Plaintiff Does Not Allege Injury to a Traditional Privacy Interest.

To establish Article III standing for her privacy-based claims, Plaintiff must identify a concrete injury she suffered that is analogous to a harm traditionally recognized as the basis for a lawsuit, such as intrusion upon seclusion. *See In re Zillow Grp., Inc. Session Replay Software Litig.*, 2023 WL 5916559, at *1 (W.D. Wash. Sept. 11, 2023). Plaintiff must have a reasonable expectation of privacy to have standing to assert privacy claims, *In re Google Location History Litig.*, 428 F. Supp. 3d 185, 193 (N.D. Cal. 2019), and that expectation cannot be based entirely on purported violations of privacy statutes, since mere statutory violations alone cannot create standing, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021); *Cook*, 689 F. Supp. 3d at 63. Here, (1) courts have not recognized a traditional privacy interest in the anonymized data at issue, (2) Plaintiff does not have a reasonable expectation of privacy in her online shopping activities, and (3) Plaintiff fails to plead facts about her specific use of Barnaby's Websites that would implicate a traditional privacy interest.

#### 1. Clarity and UET Do Not Collect Personally Identifying Information.

Plaintiff's allegations do not implicate traditionally recognized privacy interests because she does not allege any collection of her individually identifiable information by Microsoft. "[D]isclosure of non-individually identifiable data is insufficient to give rise to an injury-in-fact to support Article III standing." *Mikulsky v. Noom, Inc.*, 2024 WL 251171, at *4 (S.D. Cal. Jan. 22, 2024); *Cook*, 689 F. Supp. 3d at 66; *Popa*, 2023 WL 7001456, at *4 ("[E]avesdropping on communications that do not involve personal information, personally identifiable information, or information over which a party has a reasonable expectation of privacy does not amount to a concrete injury."). Plaintiff does not plead facts identifying any information about her that she provided to www.goodvibes.com, much less that Microsoft collected and then connected data from her use of www.goodvibes.com to her identity. Quite the contrary, she acknowledges that the data Microsoft collects is connected to an *anonymous* MUID. FAC ¶¶ 24, 29; *see also id.* at pp. 6–10 (showing anonymous data collection using MUIDs); RJN, Ex. A at 2; *id.*, Ex. B at 1. And she never pleads that she input any personal information into a Barnaby website that *could* identify her, much less that Microsoft collected this data. *See* FAC ¶ 74.

As numerous courts have held in similar circumstances—including in cases involving Microsoft Clarity—this does not suffice to establish Article III standing. For example, in *Popa*, the court dismissed a case involving Clarity for lack of Article III standing because the plaintiff did not "allege that she entered any personally identifiable information into PSP's website, that such information was captured by Defendants, or that Defendants were able to connect the information Clarity collected to her identity." 2023 WL 7001456, at *5; *see also Mikulsky*, 2024 WL 251171, at *5; *Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023) (dismissing for lack of standing where no personal information was collected); *Massie v. Gen. Motors LLC*, 2022 WL 534468, at *5 (D. Del. Feb. 17, 2022) ("Plaintiffs do not have a reasonable expectation of privacy over the anonymized data captured by the Session Replay software at issue here.").[2] The same is true here.

**2. The Information Allegedly Collected Is Not Traditionally Protected.**

Plaintiff cannot establish Article III standing for yet another reason: as courts consistently hold, the collection of online shopping data does not implicate a privacy interest sufficient to create Article III standing. As a general matter, "[g]iven the inherent nature of the internet, … consumers do not have a reasonable expectation of privacy over their activity" on a public website. *Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140, at *2 (S.D. Cal. May 8, 2024) (collecting cases); *Saeedy*, 2023 WL 8828852, at *4 ("Data and information that has been found insufficiently personal includes mouse movements, clicks, keystrokes, keywords, URLs of web pages visited, product preferences, interactions on a website, search words typed into a search bar, user/device identifiers, anonymized data, product selections added to a shopping cart, and website browsing activities."); *Cook*, 689 F. Supp. 3d at 65 (collection of "mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), URLs of web pages visited, and/or other electronic communications in real-time" insufficient for

[2] In an attempt to escape her pleading failure, Plaintiff speculates with no factual support that the MUID "enables" Microsoft to deanonymize website usage data. FAC ¶ 46. But Plaintiff never pleads that Microsoft *actually* deanonymized any data. *See Saeedy v. Microsoft Corp.*, 2023 WL 8828852, at *5 n.6 (W.D. Wash. Dec. 21, 2023) (allegation that data *could* be deanonymized insufficient); *Cook*, 689 F. Supp. 3d at 65 ("It's not enough for Ms. Cook to allege the potential capabilities of the Session Replay Code."); *accord Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012).

standing); *see also United States v. Taylor*, 935 F.3d 1279, 1284 n.4 (11th Cir. 2019) (browsing the internet is like "traveling along the equivalent of 'public highways'"); *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 266 (3d Cir. 2016) ("Most of us understand that what we do on the Internet is not completely private."). For example, in *Farst v. AutoZone, Inc.*, the court held that the collection of "keystrokes, mouse clicks, and search history" did not state an injury "comparable to intrusion upon seclusion" sufficient for Article III standing. 700 F. Supp. 3d 222, 230 (M.D. Pa. 2023). Here, Plaintiff at best concludes that Microsoft collected her clicks and keystrokes. *See* FAC ¶ 74. But clicks and keystrokes on a public commercial website cannot give rise to a privacy injury sufficient for Article III standing.

Data collection that "reveals nothing more than the products that interested" Plaintiff "is not the type of private information that the law has historically protected." *Popa*, 2023 WL 7001456, at *4. In *Popa*, the district court dismissed privacy claims based on Clarity running on an ecommerce website for lack of standing because the plaintiff alleged only that she "brow[s]ed" for products on the website in question and "us[ed] her mouse to hover and click on certain products." 2023 WL 7001456, at *4. The Court held that Plaintiff did not have a protectable privacy interest in her product preferences. *Id.* The plaintiff in *Cook* alleged substantially the same thing—that she browsed for products on an ecommerce site that used Clarity—and the court dismissed for lack of standing because plaintiff did not have a reasonable expectation of privacy in her online shopping behavior. 689 F. Supp. 3d at 66.

Here, as in *Popa* and *Cook*, the data Microsoft allegedly collected "is no different from what … employees would have been able to observe if [Plaintiff] had gone into a brick-and-mortar store and began browsing the inventory." 2023 WL 7001456, at *4. "[P]hysical movements in the store," "pauses to look at inventory," and "picking up [products] off the shelf" resemble Plaintiff's alleged use of Barnaby's online shopping website. *Id.* Plaintiff does not "have a reasonable expectation of privacy in this kind of public shopping behavior in the physical world," so she does not "have it in the digital world, either." *Id.*[3]

---

[3] Nor can Plaintiff base her standing on a supposed promise that her online shopping data on Barnaby's Websites would be private. The Barnaby privacy policies incorporated into the



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

**3. Plaintiff Does Not Allege What Information Was Collected.**

Plaintiff also lacks standing because she alleges no facts about her alleged use of Barnaby's Websites, even if her theory about Barnaby's general data collection was viable (and it is not). "To survive a motion to dismiss [based on lack of Article III standing], a plaintiff must identify the specific personal information she disclosed that implicates a protectable privacy interest." *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023); *Cook*, 689 F. Supp. 3d at 65 (to decide Article III standing "the Court must examine the nature of the information that [a defendant] allegedly intercepted and determine whether the interception of that kind of information amounts to an invasion of privacy interests that have been historically protected"); *Adams v. PSP Grp., LLC*, 691 F. Supp. 3d 1031, 1041 (E.D. Mo. 2023) (dismissing because plaintiff did not "identif[y] any specific information she disclosed that implicates a protectable privacy interest"). Here, Plaintiff alleges only that she "periodically over the past few years … visited, browsed, and purchased adult products from one of Barnaby's Websites, www.goodvibes.com." FAC ¶ 74. Her allegations are too vague to identify any information Microsoft collected about her that could implicate a traditional privacy interest—likely because Plaintiff is not able to so plead given the nature of Microsoft's services. Without any details about the data Microsoft supposedly collected about her, Plaintiff fails to plead collection of any information that is protected by traditional privacy interests.

**B. Plaintiff Does Not Allege Any Economic Injury.**

Plaintiff also vaguely alleges she "lost money" because she "ha[s] not been compensated for the benefits [she] conferred on Microsoft," FAC ¶¶ 134, 139, but this hypothetical injury lacks factual allegations necessary to establish injury-in-fact. Plaintiff "must"—but does not—"allege the existence of a market for [her] data and the impairment of the ability to participate in that market." *Ji v. Naver Corp.*, 2022 WL 4624898, at *9 (N.D. Cal. Sept. 30, 2022); *Saeedy*, 2023 WL 8828852, at *6 (plaintiffs "failed to allege how they ha[d] … lost profit from the sale of their data without compensation."). "Even assuming the existence of a market for the

FAC show that Barnaby disclosed that it collects and shares with certain third parties data about usage of its Websites. *See supra* § III.B.

information taken in this case, the [FAC] is devoid of any allegations describing how the breach devalued plaintiffs' specific information … such that they are prevented from deriving economic benefit from this information in the future." *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1054 (N.D. Cal. 2022). The Court should dismiss Plaintiff's claims that rely on economic injury for failure to plead injury-in-fact.

**C. Plaintiff Does Not Allege Injury Fairly Traceable to Microsoft.**

Plaintiff also fails to plead any injury fairly traceable to Microsoft. "To establish causation [under Article III], plaintiffs must allege that their injuries are 'fairly traceable' to [a defendant's] conduct" and "not the result of the independent action of some third party[.]'" *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 525 (9th Cir. 2023) (affirming lack of standing where employer had discretion to set employee contributions for insurance plan so any injury based on increased employee costs was not fairly traceable to plan administrator). Here, Plaintiff does not allege collection of any personally identifiable data by Microsoft—but even if she had, that injury would not be due to any action by Microsoft but instead due to the discretionary choices of the website operator. Microsoft tells website operators to obtain consent where required by law before collecting any personal information and provides settings to allow them to do so. FAC ¶ 26 & n.8. As Plaintiff effectively admits, any (non-existent) injury would be because Barnaby "chose not to" enable privacy protections provided by Microsoft. FAC ¶ 45. Under these facts, any privacy injury could not be traced to Microsoft, but to Barnaby, whose "discretion" in the privacy settings on its own websites prevents any injury from being fairly traceable to Microsoft. *See Winsor*, 62 F.4th at 525.

## V. PLAINTIFF FAILS TO STATE A CLAIM

**A. Plaintiff's CIPA Claim Fails.**

CIPA § 631(a) is a penal statute. It contains three clauses independently criminalizing: "[1] intentional wiretapping, [2] willfully attempting to learn the contents or meaning of a communication in transit over a wire, [or 3] attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192 (1978). Section 631(a)'s fourth clause criminalizes aiding another in



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

violating any one of the first three. *See James v. Allstate Ins. Co.*, 2023 WL 8879246, at *2 (N.D. Cal. Dec. 22, 2023). Plaintiff appears to allege Microsoft violated § 631(a)'s second clause by "read[ing] and/or learn[ing] of" her communications with the Websites. FAC ¶¶ 61–62, 100.[4] This claim fails for two reasons.

*First*, Plaintiff fails to allege the collection of any communication or its contents. Section 631(a)'s second clause prohibits "read[ing], or attempt[ing] to read, or to learn the contents or meaning" of a communication. Cal. Penal Code § 631(a). Applied to advertising and website tracking software, it "protects only the internal, user-generated material of a message," *i.e.*, "contents of an online communication" not "record information" like "keystrokes, mouse clicks, pages viewed, and shipping and billing information." *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021). Plaintiff fails to allege that her interactions with www.goodvibes.com created anything more than "record information," much less that Microsoft eavesdropped on any communications' contents. Most of the categories of information Plaintiff alleges that Microsoft captures in general—mouse movements, clicks, scrolls, page navigation, and product views and purchases, FAC ¶¶ 22, 33–37—are record information, not contents of a communication. *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 & n.9 (N.D. Cal. 2023) ("page visits, purchase intent signals, and add-to-cart actions" are not contents); *Yoon*, 549 F. Supp. 3d at 1077, 1082–83 (same, plus mouse movements and scrolls). Clicking on a link to view or purchase a product or travel to a new webpage is merely record information—it functions as "basic … address information" showing "the location of a webpage a user is viewing on the internet." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1107, 1109 (9th Cir. 2014).[5]

---

[4] Any claim that Microsoft violated § 631(a)'s first clause would fail because § 631(a)'s first clause "appl[ies] only to communications over telephones and not through the internet." *Gutierrez v. Converse Inc.*, 2024 WL 3511648, at *6 (C.D. Cal. July 12, 2024). And any claim under § 631(a)'s third clause fails along with claims under § 631(a)'s other clauses because Plaintiff fails to allege any information collected in violation of § 631(a) clauses one and two. *See Valenzuela v. Super Bright LEDs Inc.*, 2023 WL 8424472, at *11 (C.D. Cal. Nov. 27, 2023).

[5] While Plaintiff alleges that Microsoft captures "text used in the search bar," FAC ¶ 34, she does not allege she searched for any products on the Websites, ever used the "search bar," or any terms she put into the search bar. *See Jones v. Peloton Interactive, Inc.*, 2024 WL 1123237, at *4 (S.D. Cal. Mar. 12, 2024) (dismissing § 631 claim where plaintiff "d[id] not identify enough facts about the content of the allegedly intercepted conversations"); *see also Cook*, 689

*Second*, Plaintiff's Section 631 claim also fails because, even if she had alleged that Microsoft captured anything more than "record information," she did not allege Microsoft attempted to "read" her communications "while … in transit." *Valenzuela*, 2023 WL 8424472, at *8. To the extent anonymized mouse movements and clicks are "communications," Plaintiff does not allege Microsoft attempted to *read* any communication generated from her interaction with www.goodvibes.com. She alleges her communications were "instantly available" and "disclosed" to Microsoft, FAC ¶¶ 77–78, but making a communication "available" to Microsoft does not mean Microsoft attempted to "read" it. *See Hughes v. Apple, Inc.*, 2024 WL 1140998, at *1 (N.D. Cal. Mar. 15, 2024) (dismissing CIPA § 637.7 claim, reasoning although plaintiffs alleged "Apple ha[d] 'agency and knowledge'" to track users, "none of that means Apple took the action forbidden by the statut[e]," *i.e.*, "track[ing] a person"); *B.K. v. Eisenhower Med. Ctr.*, 2024 WL 878100, at *4 (C.D. Cal. Feb. 29, 2024) (allegation that service "intercepted, viewed, analyzed, and used" health information too "vague" to establish anyone actually viewed data).

Assuming any of Plaintiff's interactions with www.goodvibes.com generated anything more than "record information," she must allege not only that Microsoft attempted to read the communications, but also that it did so *while they were in transit*. This is so because CIPA distinguishes between "what the third party does during the conversation and … what [it] does with the recorded transcripts after the conversation." *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1108 (C.D. Cal. Mar. 7, 2023) (dismissing § 631 claim); *see Rodriguez v. Google LLC*, 2022 WL 214552, at *1 (N.D. Cal. Jan. 25, 2022) (CIPA § 632, not § 631, "covers improper recordings"). Here, Plaintiff alleges the Websites "simultaneously *redirect[]* users' communications" to Microsoft, FAC ¶ 38, but even if true, that allegation still would not suffice because it merely alleges that Microsoft *recorded* the communications in transit. It does not allege that Microsoft "attempted to read or learn the contents of the communication while in transit." *James v. Allstate Ins. Co.*, 2023 WL 8879246, at *3 (N.D. Cal. Dec. 22, 2023);

---

F. Supp. 3d at 71 (dismissing Wiretap Act claim where "Ms. Cook pleads that she typed 'search words into the search bar,' but doesn't say what those searches were, whether she hit 'enter' after typing the searches, and whether that action generated a new URL that could be recorded by the Session Replay Code").



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

*Williams v. DDR Media, LLC*, 2023 WL 5352896, at *4 (N.D. Cal. Aug. 18, 2023) (allegation that "data is stored or can be accessed by" software vendor "insufficient to support a plausible interference [vendor] attempted to read or learn the contents of the communication").

**B. Plaintiff's Federal Wiretap Act Claim Fails.**

The Wiretap Act claim fails because if *any* party to a communication consents to recording, the Wiretap Act does not apply. *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028 (N.D. Cal. 2014). Plaintiff concedes that Barnaby—a party to the alleged communication—"consented to Microsoft's" involvement by adding its code into its Websites. FAC ¶ 69. That consent bars any Wiretap Act claim as a matter of law. *See Rodriguez v. Google LLC*, 2021 WL 2026726, at *6 (N.D. Cal. May 21, 2021) (dismissing Wiretap Act claim based on third-party's interception based on one party's consent).[6]

**C. Plaintiff's Invasion of Privacy Claims Fail.**

Common law intrusion upon seclusion and constitutional privacy claims both require (1) "a reasonable expectation of privacy," and (2) a "highly offensive" intrusion. *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1088 (2022). Plaintiff fails to clear this "high bar." *Doe I v. Google LLC*, 2024 WL 3490744, at *6 (N.D. Cal. July 22, 2024).

Plaintiff's allegations are too vague to state either privacy claim. Her lack of specificity about the data Microsoft allegedly collected about her, *see* FAC ¶ 74, "does not provide enough facts to undertake the context-specific inquiry into the plausibility of the privacy expectation or the offensiveness of the intrusion," *Heeger v. Facebook, Inc.*, 2019 WL 7282477, at *3 (N.D.

[6] Plaintiff cannot invoke the tortious purpose exception to the one-party consent rule. *See* 18 U.S.C. § 2511(2)(d). A recording has a tortious purpose when done to "'facilitat[e] some further impropriety,' … separate and independent from the act of the recording." *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1135 (9th Cir. 2022). This impropriety must be the "primary motivation or a determining factor" for intercepting. *Rodriguez*, 2021 WL 2026726, at *6 n.8 (cleaned up). Here, Plaintiff merely alleges Microsoft offers Clarity and UET for "financial gain in developing and improving its commercial products." FAC ¶ 69. That is insufficient because "mak[ing] money" is not a tortious purpose. *Rodriguez*, 2021 WL 2026726, at *6 n.8; *see also Doe I*, 2023 WL 6882766, at *2 (plaintiff failed to allege tortious activity beyond interception); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1119–20 (S.D. Cal. 2023) (accord).

Cal. Dec. 27, 2019) (Donato, J.); *see also Thomas v. Papa Johns Int'l, Inc.*, 2023 WL 6370641, at *6 (S.D. Cal. Aug. 14, 2023) (dismissing privacy claims in session replay case on this basis).

Even with more detailed allegations, Plaintiff still could not state a privacy claim because her basic theory of liability fails: she has no reasonable expectation of privacy in online shopping. As noted above, the nature of the internet generally precludes a reasonable expectation of privacy on public websites. *Thomas*, 2024 WL 2060140, at *2 (collecting cases); *Hubbard v. Google LLC*, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) ("[I]nternet browsing involves the collection of users' data, including by tracking users across the internet, *and a reasonable user should expect as much*."); *Cook*, 689 F. Supp. 3d at 65 (no reasonable expectation of privacy in "mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), URLs of web pages visited, and/or other electronic communications in real-time" on public ecommerce website). There is no expectation of privacy in public commercial spaces, *Patel v. City of Montclair*, 798 F.3d 895, 897–98 (9th Cir. 2015); *Cook*, 689 F. Supp. 3d at 66 (no reasonable expectation of privacy in product preference information), and this expectation is no different for adult-oriented commercial spaces, *see Lowe v. Clift*, 2007 WL 2112672, at *8 (E.D. Tenn. July 19, 2007) (no expectation of privacy in adult bookstore). The internet is no different: "The difference in fora between online and in-person shopping outlets does not transform the generally public nature of shopping into a private affair." *Farst*, 700 F. Supp. 3d at 230. In a brick-and-mortar store, cameras and store clerks are free to observe shoppers' every move. Plaintiff "certainly doesn't have a reasonable expectation of privacy in this kind of public shopping behavior in the physical world, and she doesn't have it in the digital world, either." *Cook*, 689 F. Supp. 3d at 66.

Plaintiff's privacy claims also fail because Microsoft's alleged collection of online shopping data is not highly offensive as a matter of law. "[D]ata collection and disclosure to third parties that is routine commercial behavior is not a highly offensive intrusion of privacy." *Hammerling*, 615 F. Supp. 3d at 1090. This remains true even when the commercial behavior reveals highly personal and sensitive information such as "a user's pregnancy, … religion, political affiliation, and menstrual cycle," *id.* (dismissing privacy claims), or "patients'



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017

information," *Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1126–27 (S.D. Cal. 2023) (same, challenging tracker on healthcare website). Any intrusion is especially inoffensive because, as explained above, Plaintiff does not allege that Microsoft paired any anonymized data tied to her MUID with her identity.

**D. Plaintiff's UCL Claim Fails.**

A UCL plaintiff "must allege facts showing that she has '… lost money or property as a result of the unfair competition.'" *Graham v. Wells Fargo Bank, N.A.*, 2017 WL 86013, at *3 (N.D. Cal. Jan. 10, 2017). Plaintiff says she "lost money" because Microsoft did not pay her for her data, FAC ¶¶ 134, 139, but this hypothetical loss falls short as discussed above, *supra* § IV.B. Just because Microsoft values the data does not mean it had value to Plaintiff, and even if it did, Plaintiff does not allege she could have profited from the data herself. *See Tamraz v. Bakotic Pathology Assocs., LLC*, 2022 WL 16985001, at *5 (S.D. Cal. Nov. 16, 2022) (dismissing privacy-based UCL claim where plaintiff failed to allege he could "profit from his own data"); *B.K.*, 2024 WL 878100, at *6 (same); *Doe I*, 2024 WL 3490744, at *7 (same). This Court has rejected UCL claims where, as here, the plaintiffs "simply list[ed] categories of … damages they claim[ed] to have suffered." *Bayview Hunters Point Residents v. Tetra Tech EC, Inc.*, 2021 WL 1222164, at *4 (N.D. Cal. Mar. 31, 2021). It should do so again.

The UCL claim also fails for other reasons. Plaintiff must allege Microsoft engaged in unlawful, unfair, or fraudulent practices to state a UCL claim. *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 838 (N.D. Cal. 2020). Plaintiff fails to state an "unlawful" UCL claim, *see* FAC ¶ 128, because her other claims fail, *In re Google Assistant*, 457 F. Supp. 3d at 838. She fails to state an "unfair" UCL claim, *see* FAC ¶¶ 130–32, because she "base[s] [her] claims under [both] UCL prongs" on the same "conduct," *i.e.*, Microsoft's provision of Clarity and UET software, *Hammerling*, 615 F. Supp. 3d at 1094. In any event, Plaintiff cannot satisfy the balancing test under which the court "weigh[s] the utility of the defendant's conduct against the gravity of the harm to the alleged victim" because she alleges no harm. *In re Google*, 457 F. Supp. 3d at 843–44. Plaintiff does not attempt to allege a fraudulent practice. FAC ¶¶ 126–36.

**E. Plaintiff's Unjust Enrichment Claim Fails.**

Although Plaintiff purports to assert a claim for unjust enrichment, "there is not a standalone cause of action for 'unjust enrichment'" in California. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Even if there were, the claim falls with Plaintiff's other claims. Absent any unlawful conduct by Microsoft, Plaintiff has not stated a claim that Microsoft has unjustly obtained any benefit. *See Doe I*, 2024 WL 3490744, at *10 (dismissing unjust enrichment claim along with privacy claims). And, as explained above, Plaintiffs do not allege the putative value in their data. *See supra* § V.D.

**F. Equitable Remedies Are Unavailable to Plaintiff.**

Plaintiff seeks equitable and injunctive relief against Microsoft. *See* FAC ¶¶ 112, 118, 124 136, 141, 145. But to pursue equitable relief, a plaintiff must allege she lacks an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). This means she must plead "why monetary damages would be inadequate to make [her] whole." *Phillips v. Brooklyn Bedding LLC*, 2024 WL 2830663, at *1 (N.D. Cal. Mar. 28, 2024). Plaintiff only offers conclusory allegations that "legal remedies are inadequate," FAC ¶ 139, which is insufficient to state a claim. *Hubbard*, 2024 WL 3302066, at *4.

Plaintiff also lacks standing to seek prospective injunctive relief because she does not allege "actual and imminent" future harm. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). Plaintiff does not plead that she intends to use Barnaby's Websites again, so she has no basis to enjoin Microsoft's future collection of information from those sites. *See id.*; *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 836 (N.D. Cal. 2021).

## VI. CONCLUSION

The Court should dismiss Plaintiff's claims against Microsoft.

Dated: September 13, 2024

DAVIS WRIGHT TREMAINE LLP

By: /s/ James H. Moon
James H. Moon

*Attorneys for Defendant Microsoft Corporation*



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017