James F. Monagle, Esq. (SBN 236638)
MULLEN COUGHLIN LLC
500 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone: 267-930-1529
Facsimile: 267-930-4771
jmonagle@mullen.law
*Attorneys for Defendant*,
BARNABY LTD., LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STELLA TATOLA, on behalf of herself, all other similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BARNABLY LTD., LLC, and MICROSOFT CORPORATION,<br><br>Defendants. | Case No.: 3:24-cv-03789-JD<br><br>Assigned to the Hon. James Donato<br>Courtroom 11<br><br>**DEFENDANT BARNABY LTD., LLC'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Honorable James Donato, U.S.D.J.**<br>**Hearing Date: October 24, 2024**<br>**Hearing Time: 10:00 a.m.** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Thursday, October 24, 2024 at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable James Donato, in

Courtroom 11 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Defendant Barnaby Ltd., LLC ("Barnaby") will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for an Order dismissing Plaintiff Stella Tatola's claims against Barnaby as stated in her First Amended Class Action Complaint ("FAC"), ECF No. 16, for lack of subject matter jurisdiction based on lack of standing and for failure to state a claim upon which relief may be granted.

The basis for this Motion is that it is clear from the face of the FAC and the documents referenced therein that Plaintiff failed to adequately plead a concrete injury in fact and that the Plaintiff failed to adequately plead a claim under Section 631(a) of the California Invasion of Privacy Act; under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*; or for common law negligence. The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all other materials supporting the Motion or the Reply filed in support thereof, and such, evidence, arguments, and authorities which the Court may consider.

Date: September 13, 2024

Respectfully submitted,

**MULLEN COUGHLIN**

By: /s/ *James F. Monagle*
James F. Monagle

*Attorneys for Defendant,*
*Barnaby Ltd., LLC*

**TABLE OF CONTENTS**


I. INTRODUCTION ........................................................................................ 1

II. ISSUES TO BE DECIDED ........................................................................ 1

III. RELEVANT FACTUAL ALLEGATIONS .................................................. 1

IV. ARGUMENT .............................................................................................. 3

A. Plaintiff Lacks Article III Standing to Bring Her Asserted Claims ........................ 3

B. The FAC Should be Dismissed for Failure to State a Claim.......................... 6

1. The FAC Fails to Meet Basic Pleading Standards As to All Claims..........7

2. The FAC Lacks Sufficient Allegations Necessary To Each Of The Claims…8

a. Plaintiff Has Not Lost Money Or Property As Required For A UCL Claim ........................................................................................ 8

b. Plaintiff Fails To State A Claim For Negligence ................................ 10

c. Plaintiff Does Not Allege A Violation Of CIPA................................. 11

i. Barnaby Cannot Be Liable Under CIPA As It Was A Party To The Communications, Plaintiff's Consent Bar Her Claim, And CIPA's First Clause Does Not Apply Here ............................................. 11

ii. Plaintiff Fails To Allege that Microsoft Accessed The "Contents" Of Any Message ............................................................... 13

iii. CIPA Is Inapplicable Because Microsoft Did Not Allegedly Read the Contents Of A Communication "In Transit" .......................... 14

V. CONCLUSION .......................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*A.S. v. SelectQuote Ins. Servs.*,
2024 WL 3881850 (S.D. Cal. Aug. 19, 2024) .......... 2

*Am. Hosp. Ass'n v. Becerra*,
2024 WL 3075865 (N.D. Tex. June 20, 2024) .......... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 7, 11

*B.K. v. Eisenhower Med. Ctr.*,
2024 WL 878100 (C.D. Cal. Feb. 29, 2024) .......... 14, 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 7

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023) .......... 6

*Copeland v. Techtronics Indus. Co., Ltd.*,
95 F. Supp. 3d 1230 (S.D. Cal. 2015) .......... 2

*Corales v. Bennett*,
567 F.3d 554 (9th Cir. 2009) .......... 10

*Cousin v. Sharp Healthcare*,
681 F. Supp. 3d 1117 (S.D. Cal. 2023) .......... 5, 7, 8

*D'Angelo v. Penny OpCo, LLC*,
2023 WL 7006793 (S.D. Cal., Oct.24, 2023) .......... 12

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 1064 (N.D. Cal. 2023) .......... 9

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (2010) .......... 3

*Farst v. AutoZone, Inc.*,
700 F. Supp. 3d 222 (M.D. Pa. 2023) ........ 6

*Gonzales v. Uber Techs, Inc.*,
305 F. Supp. 3d 1078 (N.D. Cal. 2018) ........ 9, 14

*Heiting v. Taro Pharms USA, Inc.*,
2024 WL 3738055 (C.D. Cal. July 31, 2024) ........ 15

*In re Facebook Priv. Litig.*,
572 F. App'x 494 (9th Cir. 2014) ........ 9

*In re Facebook Consumer Privacy User Profile Litig.*,
402 F. Supp. 3d 767 (N.D. Cal. 2019) ........ 9

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ........ 5, 13

*In re Google Assistant Privacy Litig.*,
546 F. Supp. 3d 945 (N.D. Cal. 2021) ........ 9

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014) ........ 13

*James v. Allstate Ins. Co.*,
2023 WL 8879246 (N.D. Cal. Dec. 22, 2023) ........ 15

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) ........ 12, 13

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ........ 9, 13, 14

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ........ 10

*Kwikset Corp. v. Superior Court*,
51 Cal.4th 310 (2011) ........ 9

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) .......... 11
*Massie v. General Motors LLC*,
2022 WL 534468 (D. Del. Feb. 17, 2022) .......... 4
*McGarry v. Sax*,
158 Cal. App. 4th 983 (2008) .......... 11
*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) .......... 5
*Mikulsky v. Noom, Inc.*,
2024 WL 251171 (S.D. Cal. Jan. 22, 2024) .......... 6
*O'Leary v. TrustedID, Inc.*,
60 F.4th 240 (4th Cir. 2023) .......... 6
*Popa v. PSP Grp., LLC*,
2023 WL 7001456 (W.D. Wash. Oct. 24, 2023) .......... 6
*R.C. v. Walgreen Co.*,
2024 WL 2263395 (C.D. Cal. May 9, 2024) .......... 9
*Rogers v. Ulrich*,
52 Cal. App. 3d 894 (1975) .......... 13
*Sallie Holly v. Alta Newport Hosp., Inc.*,
2020 WL 6161457 (C.D. Cal. Oct. 21, 2020) .......... 11
*Silver v. Stripe Inc.*,
2021 WL 3191752 (N.D. Cal. 2021) .......... 13
*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .......... 3, 4
*Swartz v. The Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) .......... 11, 12

*Tavernetti v. Superior Ct.*,
22 Cal. 3d 187 (1978) .......... 11
*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 4
*Valenzuela v. Nationwide Mt. Ins. Co.*,
686 F. Supp. 3d 969 (C.D. Cal. 2023) .......... 12, 13
*Williams v. DDR Media, LLC*,
2023 WL 5352896 (N.D. Cal. Aug. 18, 2023) WL 3590682 .......... 15
*Williams v. J.P. Morgan Chase Bank, N.A.*,
2023 WL 3590682 (N.D. Cal. May 22, 2023) .......... 10
*Williams v. What If Holdings, LLC*,
2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) .......... 13
*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) .......... 14

**Statutes**

Cal. Penal Code
§ 631(a) .......... 12, 13, 14
Cal. Bus. & Prof. Code
§ 17200 .......... 8
§ 17204 .......... 9

**Rules**

Fed. R. Civ. P. 8 .......... 11
Fed. R. Civ. P. 9(b) .......... 10
Fed. R. Civ. P. 12(b)(1) .......... 3, 10, 15
Fed. R. Civ. P. 12(b)(6) .......... 7, 10, 15

## I. INTRODUCTION

This action is one of a spate of putative class actions filed nationwide in recent years alleging that website owners' use of "session replay" tools that are commonly employed for customer service purposes creates civil liability, typically under criminal wiretapping statutes. Here, however, Plaintiff Stella Tatola's First Amended Complaint ("FAC") fails to allege that that her private information was publicly disclosed, and the FAC is otherwise bereft of details regarding Plaintiff's specific interactions with Defendant Barnaby Ltd., LLC's ("Barnaby") website. Instead, Plaintiff claims generally that when she visited one of Barnaby's websites, information regarding her actions taken on the website were disclosed to Defendant Microsoft Corporation ("Microsoft") via Microsoft's Clarity session replay software or potentially related Microsoft tracking technologies. When stripped of improper legal conclusions, bald assertions, and arguments untethered to any facts in this case, the FAC does not support any of the claims asserted. Additionally, because Plaintiff presents no allegations demonstrating she has Article III standing, the FAC should be dismissed.

## II. ISSUES TO BE DECIDED

Whether Plaintiff fails to (1) allege Article III standing or (2) state a claim for relief.

## III. RELEVANT FACTUAL ALLEGATIONS

Barnaby is an online retailer, specializing in adult sex toys and related intimacy products. FAC ¶ 1. Plaintiff alleges that Barnaby owns and operates the publicly accessible websites www.goodvibes.com and www.babeland.com. *Id.* ¶ 11. She claims that when consumers/users visit these websites, their acts of viewing, searching for, and/or purchasing adult toys and intimacy products "has the capacity to" reveal consumers' sexual orientation, sexual practices, adult product preferences, and sexual preferences (or as she collectively calls

the information, consumers' Private and Protected Sexual Information ("PPSI")). FAC ¶¶ 12-13, 31. Plaintiff alleges that Barnaby uses various Microsoft tracking technologies (Clarity and the so-called Microsoft Advertising Bing Tracker) on its websites that allow Defendants to view users' interactions with the websites, including "mouse movements, clicks/taps, scrolls, navigation, and [] more." *Id.* ¶¶ 22-38. According to Plaintiff, these technologies enable Microsoft to "eavesdrop and intercept" users/consumers' communications with Barnaby's websites. *Id.* ¶ 47.

Prominently displayed on Barnaby's websites are banners informing customers/users that by browsing the websites they "are agreeing to [the] use of cookies[,]" and hyperlinks in the "cookies" direct users to the websites' privacy policies explaining the same. *Id.* ¶¶ 40-41. Barnaby's privacy policies clearly inform users that its websites "may use automatic data collection technologies" including "cookies," and that these technologies will collect "information about your equipment, browsing actions, and patterns" including every kind of data Plaintiff complains about: "use data" like "page views and website navigation paths," and "[s]ales data" related to the "purchase and shipping of goods."[1] *Id.* Barnaby plainly states that it "may disclose, without restriction, any aggregated and other information about our users that does not identify any individual." *Id.*

Plaintiff claims she "visited, browsed, and purchased adult products from" Barnaby's www.goodvibes.com website, including since the Microsoft session replay technologies were

[1] Given the FAC repeatedly references and relies on Barnaby's privacy policies as a basis for the claims, the Court can and should consider the privacy policies. *See Copeland v. Techtronics Indus. Co., Ltd.*, 95 F. Supp. 3d 1230, 1236-37 (S.D. Cal. 2015); *see also A.S. v. SelectQuote Ins. Servs.*, 2024 WL 3881850, at ** 3-4 (S.D. Cal. Aug. 19, 2024). For reference, the following links lead to Barnaby's websites' privacy policies: https://www.goodvibes.com/privacy-policy/; https://www.babeland.com/privacy-policy/

installed. FAC ¶ 74. However, the FAC does not allege that any of Plaintiff's private or personally identifying information was disclosed when she visited the www.goodvibes.com website or that she has sustained any actual personal injury or economic harm. Indeed, she does not even allege *when* she visited the website or *any* information she may have provided during her visits, let alone how such information could be connected to her personally.

## III. ARGUMENT

### A. Plaintiff Lacks Article III Standing To Bring Her Asserted Claims

Standing is an issue of subject matter jurisdiction and may be challenged under Rule 12(b)(1). Here, Plaintiff uncontestably lacks standing to sue over the alleged use of session replay technology on one of Barnaby's websites that Plaintiff does not allege she visited (*i.e.*, www.babeland.com). Plaintiff only alleges she visited Barnaby's website www.goodvibes.com. FAC at ¶ 74. Yet Plaintiff also attempts to seek relief based on tracking technologies allegedly present on the different website: www.babeland.com. *Id.* at ¶ 11. Obviously, Plaintiff could not have been injured by the use of technology on a website she has not visited, therefore Plaintiff lacks standing to pursue any claims relating to www.babeland.com. *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) (affirming dismissal of UCL claim where the plaintiff did not claim he ever visited the defendant's website which contained the alleged misrepresentations).

Insofar as Plaintiff's claims relate to the www.goodvibes.com website she purportedly visited, she bears the burden of demonstrating Article III standing, and must demonstrate she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or

she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339. "Traditional tangible harms," such as physical and monetary harms, qualify as "concrete" injuries. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). However, "an injury in law is not an injury in fact." *Id.* at 427 (citation omitted). Thus, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341. Indeed, the Supreme Court has rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *TransUnion*, 595 U.S. at 426 (*quoting Spokeo*, 578 U.S. at 341). Accordingly, alleged statutory violations like Plaintiff's cannot confer standing merely because they authorize statutory damages.

Here, Plaintiff has not alleged any real or threatened actual injury capable of supporting a finding that Article III standing exists. Plaintiff only makes unsupported refences to: (i) "damages in a sum to be determined at trial," (ii) "injury in fact and lost money," and (iii) statutory damages. FAC ¶¶ 105, 134, and 144. Beyond these impermissibly conclusory allegations, Plaintiff offers no specifics regarding these supposed harms as required to support standing.

Although Plaintiff may contend her allegations characterize a privacy harm that may provide standing, she makes no specific or *personal* allegations that would allow this Court to find she has been concretely harmed in a manner bearing a close relationship to the substantive right of privacy. *See Massie v. General Motors LLC*, 2022 WL 534468, at ** 3-5 (D. Del. Feb. 17, 2022) ("Plaintiffs do not allege that any of their information collected by the Session Replay software was personal or private within the common law understanding of a privacy

right. Therefore, I find Plaintiffs have not suffered a concrete injury[.]"). Notably, while Plaintiff attempts to allege that Microsoft intruded upon her privacy, she does not assert similar claims against Barnaby. FAC ¶¶ 2, 48-49, 69, 72, 86, 115-24. The right to privacy encompasses an "individual's control of information concerning his or her person[,]" yet Plaintiff has not alleged that she provided any specific information that was personally identifiable – only generally that other users/customers could do so. *See*, FAC ¶¶ 12-13, 31, 74; *In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589, 598 (9th Cir. 2020) (citation omitted); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) ("To survive a motion to dismiss, a plaintiff must identify the specific personal information she disclosed that implicates a protectable privacy interest.") (quotation and citation omitted).

Regarding Barnaby, Plaintiff only alleges that consumers and users communicate information to Barnaby that **may** (meaning "has the capacity and tendency to") reveal their sexual orientation, sexual practices, adult product preferences, and sexual preferences. FAC ¶¶ 12-13, 31. Such allegations are by definition speculative. Viewing, searching for, or even purchasing adult toys and intimacy products does not inherently demonstrate an identifiable individual's own sexual preferences, orientation, practices, or even product preferences. The reasons an individual might view, search, and/or purchase such products are limitless, and despite extensive research, Barnaby is unaware of any court that has recognized a valid claim based on the PPSI theory advanced by Plaintiff. *See Cousin v. Sharp Healthcare*,681 F. Supp. 3d 1117, 1123 (S.D. Cal. 2023) (the plaintiffs "allege[d] in a conclusory manner that Defendant disclosed to Meta their personal, confidential, and sensitive medical information … these allegations are conclusory and devoid of any factual support."); *see also Am. Hosp. Ass'n v. Becerra*, 2024 WL 3075865, at * 24 n.7 (N.D. Tex. June 20, 2024) (finding "the connection

between a person's browsing history" / metadata and her personally identifiable information is too tenuous). Dispositively, Plaintiff herself has not identified any products that she viewed, searched for, or purchased in support of her PPSI theory, nor has she demonstrated her PPSI theory applies beyond the abstract "user" or "customer" she refers to. *O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 244-45 (4th Cir. 2023) (holding that abstract statutory privacy injuries are insufficient to establish standing); *Mikulsky v. Noom, Inc*., 2024 WL 251171, at *4 (S.D. Cal., Jan. 22, 2024) (granting dismissal with prejudice because the plaintiff failed "to allege that Plaintiff provided Defendant with any identifiable information that would allow Defendant to connect her alleged responses to the Noom Survey [which asked potential customers to input their "current weight, ideal weight, sex, gender identity, and age"] to Plaintiff herself."); *Popa v. PSP Grp., LLC*, 2023 WL 7001456, at *4 (W.D. Wash. Oct. 24, 2023) (dismissing for lack of standing and involving the exact same session replay technologies as here due to the plaintiff's failure to allege disclosure of any personally identifiable information, that such information was captured by the defendants, or that the defendants were able to connect the information to her identity). At most, Plaintiff alleges non-personal data (keystrokes, mouse clicks, and pages viewed) that courts have rejected as insufficient to show an Article III injury based on a supposed invasion of privacy. *Farst v. AutoZone, Inc.*, 700 F. Supp. 3d 222, 230 (M.D. Pa. 2023); *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 65 (W.D. Pa. 2023), *appeal pending*.

Unsurprisingly, Plaintiff alleges no concrete harm she has suffered because her claims are premised upon Defendant's use of commonplace session replay marketing technologies – a practice so common that practically every internet user encounters similar alleged activity on a daily basis. Because Plaintiff lacks Article III standing, Plaintiff's FAC must be dismissed.

**B. The FAC Should be Dismissed For Failure to State a Claim**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring more than a "sheer possibility," "naked assertion," "labels and conclusions," or "a formulaic recitation of the elements"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint must allege a factual basis for each element of each cause of action. *Id.* At 678-79.

**1. The FAC Fails To Meet Basic Pleading Standards As To All Claims**

The FAC should be dismissed because it lacks sufficient, specific factual allegations of Plaintiff's interactions with Barnaby's www.goodvibes.com website underlying every claim. *Cousin v. Sharp Healthcare* is instructive, as it involved similar claims as here: the plaintiffs' "overarching theory of their case, underlying all claims," was that the defendant "collected patients' personal and sensitive medical information on [the defendant's] website and that this information was then improperly shared with Meta without patients' consent." 681 F. Supp. 3d at 1123. The court dismissed the complaint as the plaintiffs provided "no meaningful factual support as to what activities each Plaintiff engaged in on [the defendant's] website and what information each Plaintiff provided." *Id*. The court explained that:

> [The plaintiffs] allege in a conclusory manner that [the d]efendant disclosed to Meta their personal, confidential, and sensitive medical information; communications and messages with doctors; medical test results; payment information; and, password reset information. However, these allegations are conclusory and devoid of any factual support. For example, [the p]laintiffs fail to factually support their contention that these activities took place . . . . [The p]laintiffs do not explain what information they provided to [the d]efendant. [The p]laintiffs cannot maintain their theory of the case absent this factual support.

*Id*. at 1123. The court rejected assertions that the plaintiffs entered "sensitive personal and health information" on the defendant's website as "utterly devoid of factual enhancement," as they did "not explain what personal or health information they entered on the webpage, which was then subsequently shared with Meta." *Id*. at 1124.

Here too, Plaintiff does not specify what information and interactions (if any) she had with the website and what information was then shared with Microsoft. Plaintiff alleges she "periodically … visited, browsed, and purchased adult products from" the website "over the past few years," but she offers no details as to any specific information she may have provided, or when these alleged interactions occurred. FAC. ¶¶ 74-75. Plaintiff cannot mask a lack of actionable facts by claiming that Barnaby shares with Microsoft information about generic consumers' choosing a category of product, clicking to view a specific product, entering searches, adding products to their cart, or purchasing products, when Plaintiff herself does not allege she did these things or provided any such information. *Id.* at ¶¶ 12-13, 31-38. As in *Cousin*, Plaintiff's claims are premised upon Barnaby's alleged disclosure of her information to Microsoft, but the FAC does not reference any such information that she provided via the website. Additionally, although Plaintiff alleges Barnaby used Microsoft's session replay software on Barnaby's websites, she does not specify when she purportedly visited the www.goodvibes.com. The FAC should be dismissed, following the rationale applied in *Cousin*.

**2. The FAC Lacks Sufficient Allegations Necessary To Each Of The Claims**

**a) Plaintiff Has Not Lost Money Or Property As Required For A UCL Claim**

California's Unfair Competition Law ("UCL") creates a cause of action for business practices that are: (1) unlawful, (2) unfair, or (3) fraudulent. Cal. Bus. & Prof. Code § 17200 *et seq*. In order to establish standing for a UCL claim, a plaintiff must show she personally

"suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. The Plaintiff, thus, "must 'demonstrate some form of economic injury,' such as surrendering more or acquiring less in a transaction, having a present or future property interest diminished, being deprived of money or property, or entering a transaction costing money or property that would otherwise have been unnecessary." *R.C. v. Walgreen Co.*,—— F. Supp. 3d ——, ——, 2024 WL 2263395 at *17 (C.D. Cal. May 9, 2024) (*quoting Kwikset Corp. v. Superior Court*, 51 Cal.4th 310 (2011)). Indeed, the UCL's economic injury requirement "renders standing under [the UCL] substantially narrower than federal standing . . . ." *Kwikset*, 51 Cal. 4th at 324.

Here, Plaintiff makes a formulaic allegation that Barnaby's supposedly unfair and/or unlawful business practices caused her and putative class members to "suffer[] injury in fact and lost money." FAC ¶ 134. However, Plaintiff offers no facts supporting this conclusory allegation. Indeed, the FAC is devoid of any factual allegations of injury, monetary loss, or even a theory of harm that could substantiate an "economic injury;" thus, the UCL claim should be dismissed. *See, e.g., In re Facebook Priv. Litig.*, 572 F. App'x 494 (9th Cir. 2014); *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 1064, 1089-91 (N.D. Cal. 2023); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 943-44 (N.D. Cal. 2023) (dismissing UCL claim as "mere misappropriation of personal information does not establish compensable damages"); *In re Google Assistant Privacy Litig.*, 546 F. Supp. 3d 945, 970-73 (N.D. Cal. 2021) (rejecting plaintiffs' theory of economic loss predicated on defendant's alleged gain of money through sharing the plaintiffs' information as "purely hypothetical"); *In re Facebook Consumer Privacy User Profile Litig.*, 402 F. Supp. 3d 767, 804 (N.D. Cal. 2019) (same); *Gonzales v. Uber Techs, Inc.*, 305 F. Supp. 3d 1078, 1093 (N.D. Cal. 2018) ("the sharing of names, user IDs, location

and other personal information does not constitute lost money or property for UCL standing purposes.”).

In addition, Plaintiff's UCL claim fails as a matter of law because “the complaint is impermissibly vague with respect to how [Barnaby]'s actions satisfy the ‘unfair’ prong” and the “unlawful” prong. *Williams v. J.P. Morgan Chase Bank, N.A.*, 2023 WL 3590682 at *3 (N.D. Cal. May 22, 2023). Critically, the FAC does not satisfy the heightened pleading standard of Rule 9(b) that required specific details of “the who, what, when, where, and how of the misconduct charged” by the UCL claim. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (quotations omitted). While Plaintiff's UCL claim attempts to skirt the UCL's “fraud” prong by emphasizing claims of unlawful and unfair conduct, the FAC clearly alleges that Barnaby engaged in a “unified course of fraudulent conduct” that forms the basis of the UCL claim. *See* FAC. ¶¶ 15-21, 38-45, 47, and 127. As the UCL claims are grounded in fraud, Plaintiff was required to plead with the particularity of Rule 9(b) – because the FAC does not meet this standard, the claim should be dismissed. *Kearns*, 567 F.3d at 1125-27. Moreover, since the “unlawful” prong is predicated on Plaintiff's CIPA and negligence claims, the UCL claim cannot be sustained under this basis because the FAC fails to plead such claims under Rule 12(b)(1) and 12(b)(6).

**b) Plaintiff Fails To State A Claim For Negligence**

To state a claim for negligence, a plaintiff must plausibly allege: “(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).” *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009)

(*quoting McGarry v. Sax*, 158 Cal. App. 4th 983, 994 (2008)). Here, the FAC's threadbare allegations constitute nothing more than bald assertions that fail to even parrot the above elements. FAC ¶¶ 142-44. Not only does Plaintiff fail to allege any requisite duty owed by Barnaby, but the FAC does not even allege she sustained any damages from a breach of that duty.

Under California law, "negligence claims must result in actual damages from the complained-of conduct." *Sallie Holly v. Alta Newport Hosp., Inc.*, 2020 WL 6161457, at *3 (C.D. Cal. Oct. 21, 2020). Indeed, a plaintiff must allege an "appreciable, nonspeculative, present injury." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1032 (N.D. Cal. 2012). Here, at most, Plaintiff alleges an incorporeal injury when her information was divulged to Microsoft, but this is insufficient to demonstrate the damages element of a negligence claim. *See*, *R.C.,* 2024 WL 2263395 at **10-13. In sum, Plaintiff's negligence claim does not satisfy Rule 8. *See Iqbal*, 556 U.S. 662, at 678-79 ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

**c) Plaintiff Does Not Allege A Violation Of CIPA**

Plaintiff's CIPA claim is premised on the theory that Barnaby violated Cal. Penal Code § 631(a). FAC ¶¶ 50-63, 93-105. That section of CIPA is treated as having four different "clauses" that respectively prohibit three distinct "patterns of conduct." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192 (1978). The first clause, which can be summarized as intentional wiretapping, imposes liability if a person "by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection ... with any telegraph or telephone wire, line, cable, or instrument ...." *Swarts v. The Home Depot, Inc.*, 689

F. Supp. 3d 732, 743 (N.D. Cal. 2023) (quoting Cal. Penal Code § 631(a)). The second clause creates a violation where a person "willfully and without consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit ...." *Id*. The third clause imposes liability where a person "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained" as outlined in the first two clauses. *Id*. Finally, Section 631 imposes liability on anyone who "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above." *Id*. Here, Plaintiff appears to assert Barnaby violated all four clauses of Section 631(a), however, the Complaint's allegations are vague and conclusory, and the claim fails for multiple reasons. FAC ¶¶ 61, 63, 75-78, 98-105.

**i. Barnaby Cannot Be Liable Under CIPA As It Was A Party To The Communications, Plaintiff's Consent Bar Her Claim, And CIPA's First Clause Does Not Apply Here**

As an initial matter, CIPA's first clause "applies only to 'telegraph and telephone wires, lines, cables, or instruments,' and not to internet connections." *D'Angelo v. Penny OpCo, LLC*, 2023 WL 7006793, *6 (S.D. Cal., October 24, 2023) (collecting cases); *see also Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 897 n. 3 (N.D. Cal. 2023) ("the first prong of Section 631 does not apply to internet communications"). Here, Plaintiff claims she visited Barnaby's website, thus she was clearly using an internet connection. As courts across the country have repeatedly held, such allegations are not a basis for a supposed violation of CIPA's first clause.

Plaintiff's CIPA claim further fails based on the "party exception" that "[a] party to a conversation cannot logically be liable for 'eavesdropping' on a conversation, so a party to a communication is not liable for learning the contents of that communication" either. *Valenzuela*

*v. Nationwide Mt. Ins. Co.*, 686 F. Supp. 3d 969, 975-76 (C.D. Cal. 2023) (citing *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607-608 (9th Cir. 2020)). As a result, a party to a conversation is also not prohibited from recording a conversation and later sharing that recording with a third party. *See Javier*, 649 F. Supp. 3d at 897-98 (citing *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 897-99 (1975)). As the website's owner with whom Plaintiff was allegedly communicating, Barnaby "cannot be held liable ... for recording it." *See id.* at 897 n.3 (citing *Rogers*, 52 Cal. App. 3d at 899). Accordingly, none of the first three clauses may independently impose liability on Barnaby.

Instead, Barnaby's liability can only be "premised on the fourth clause of Section 631(a), which targets one who 'aids, agrees with, employs, or conspires with' another party that violates any of the prior three clauses." *See Williams v. What If Holdings, LLC*, 2022 WL 17869275, *2 (N.D. Cal., Dec. 22, 2022). However, Barnaby cannot be liable because Microsoft did not violate Section 631(a), nor did Barnaby aid or abet Microsoft in any supposed violation. Indeed, Barnaby's privacy policies (which are a central focus of the FAC) make clear that Plaintiff consented to the very acts she alleges as violations here. *Silver v. Stripe Inc.*, 2021 WL 3191752, at *4 (N.D. Cal. 2021) (consent under Section 631(a) will be found where "a reasonably prudent user would have been aware" of the recording).

**ii. Plaintiff Fails To Allege that Microsoft Accessed The "Contents" Of Any Message**

To violate CIPA, Plaintiff must allege that Defendants accessed the substantive "contents" of her communications with Barnaby's website. *See, In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) (affirming dismissal of wiretapping claim for failure to plead facts showing the "contents" were accessed). For this to be the case, the plaintiff must show: (1) the plaintiff must have intended to convey a substantive message, and (2) an unauthorized party must have accessed (or attempted) to access that substance, and not mere "record

information[.]" *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 944-45 (N.D. Cal. 2023). Here, the facts alleged (which are at most mouse movements, clicks, scrolls, page navigation, and product views and purchases) constitute nothing more than record information that courts in this circuit have repeatedly rejected as forming a basis for a CIPA claim. *Id.* at 945 n.9 (finding "Defendant is correct that [] pieces of information, which include webpage titles, webpage keywords, the date and times of website visits, IP addresses, page visits, purchase intent signals, and add-to-cart actions, are conceded to be record information that does not constitute "content"); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021) (same). None of this information indicates a substantive message that a user "intended to communicate." *Gonzalez*, 305 F. Supp. 3d at 1085. Instead, the information reflects, at most, "data about [a] communication" – not the contents of the communication itself. *Id.* at 1084. Moreover, Plaintiff does not allege that she herself made any specific communications with Barnaby's website such that the "content" could have conceivably been intercepted. Plaintiff's bare allegations regarding Barnaby's public website do not implicate "content" under CIPA.

**iii. CIPA Is Inapplicable Because Microsoft Did Not Allegedly Read the Contents Of A Communication "In Transit"**

Plaintiff fails to allege that Microsoft read or used the contents of any communications "while . . . in transit." Cal. Penal Code § 631(a). Simply put, Plaintiff has not alleged that Microsoft attempted to read or use any communications generated from her interaction with Barnaby's www.goodvibes.com website, let alone what these communications were. Though she alleges communications were "instantly available" and "disclosed" to Microsoft, this does not translate to Microsoft's use or reading of the communications. FAC ¶¶ 77–78; *see B.K. v. Eisenhower Med. Ctr.*, 2024 WL 878100, at *4 (C.D. Cal. Feb. 29, 2024) (finding claims that defendant "intercepted, viewed, used, and analyzed" information overly "vague" to show defendant actually viewed or used the data). While the FAC alleges, "in a general and

conclusory fashion, that [Microsoft] generally is in the business of harvesting data and that it uses at least some of its harvested data for its own commercial purposes[, t]his is not the same as alleging that [Microsoft] actually uses, or has attempted to use, data obtained from" Plaintiff on Barnaby's website. *Heiting v. Taro Pharms USA, Inc.*, 2024 WL 3738055, at *4 (C.D. Cal. July 31, 2024) (dismissing CIPA claim with prejudice for failure to allege actual use). In short, the FAC does not claim Microsoft "attempted to read or learn the contents of the communication while in transit." *James v. Allstate Ins. Co.*, 2023 WL 8879246, at *3 (N.D. Cal. Dec. 22, 2023) (*quoting Williams v. DDR Media, LLC*, 2023 WL 5352896, at *4 (N.D. Cal. Aug. 18, 2023)) (allegation that "data is stored or can be accessed by" software vendor "insufficient to support a plausible interference [vendor] attempted to read or learn the contents of the communication while in transit").

## V. CONCLUSION

For all the foregoing reasons, Defendant Barnaby Ltd., LLC respectfully request that the Court grant the motion to dismiss Plaintiff's claims against Barnaby pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks standing, or, alternatively, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

September 13, 2024

Respectfully submitted,

By: /s/ *James F. Monagle*
James F. Monagle

*Attorneys for Defendant*
*Barnaby Ltd., LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 13, 2024, I electronically filed the foregoing DEFENDANT'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND MEMORANDUM IN SUPPORT with the United States District Court for the Northern District of California by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

Date: September 13, 2024

Respectfully submitted,

**MULLEN COUGHLIN**

By: /s/ *James Monagle*
James F. Monagle

Attorneys for Defendant,
BARNABY LTD, LLC