James F. Monagle, Esq. (SBN 236638)
**MULLEN COUGHLIN LLC**
500 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone: 267-930-1529
Facsimile: 267-930-4771
jmonagle@mullen.law
*Attorneys for Defendant,*
*Barnaby Ltd., LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

STELLA TATOLA, on behalf of herself, all other similarly situated, and the general public,

Plaintiffs,

v.

BARNABLY LTD., LLC, and MICROSOFT CORPORATION,

Defendants.

Case No.: 3:24-cv-03789-JD

Assigned to the Hon. James Donato
Courtroom 11

**DEFENDANT BARNABY LTD., LLC'S REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**Honorable James Donato, U.S.D.J.**
**Hearing Date: October 24, 2024**
**Hearing Time: 10:00 a.m.**

## I. INTRODUCTION

Plaintiff Stella Tatola's response to Defendant Barnaby Ltd., LLC's ("Barnaby") Motion to Dismiss barely addresses the grounds for dismissal Barnaby raised. Because no factual allegations exist in the First Amended Complaint ("FAC") to substantiate Plaintiff's legal arguments, Plaintiff either doubles down on threadbare legal conclusions and bald assertions, resorts to conjecture (*e.g.*, online purchases reveal a customer's sexuality and sexual orientation, regardless of the purchaser's intent) or makes arguments suggesting allegations should be read into the FAC that are simply not pled. *See*, Opp. Br. generally. By repeatedly acknowledging she *could* amend the FAC to add allegations reflecting the arguments in Plaintiff's opposition papers, Plaintiff openly admits the FAC as pled fails to allege sufficient details to support the asserted causes of action, nor does the FAC demonstrate that Plaintiff has suffered a harm akin to an "injury in fact" necessary to demonstrate Article III standing. *See* Opp. Br. at 3, 5-11.

## II. ARGUMENT

The FAC should be dismissed based on Plaintiff's failure to specify what information and interactions (if any) Plaintiff had with Barnaby's websites and what related information was then shared with Microsoft. *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) ("To survive a motion to dismiss, a plaintiff must identify the specific personal information she disclosed that implicates a protectable privacy interest.") (quotation and citation omitted). Plaintiff alleges she "periodically … visited, browsed, and purchased adult products from" the website "over the past few years," but she offers no details as to any specific information she may have provided to Barnaby (or Barnaby provided to Microsoft), or when exactly these alleged interactions occurred. FAC. ¶¶ 74-75. These deficiencies not only fail the heightened Rule 9 standard applicable to Plaintiffs' California's Unfair Competition Law ("UCL") claim,

but they do not even satisfy Rule 8. Barnaby and the Court should not be left guessing as to what products Plaintiff may have browsed or purchased over the years, wondering whether they were as innocuous as a gift card, as generic as lubricant, or categorically something else. Without referencing any product(s) at issue, Plaintiff provides no factual basis for this Court to make the logical leap she argues for, *i.e.* an assumption that any product purchased from Barnaby reveals a customer's sexuality or sexual orientation. Moreover, it may be that Barnaby could prove – at the pleading stage, via an FRCP 12(b)(1) challenge to Plaintiff's standing, supported by evidence – that any session replay technologies at issue were not active at the time of Plaintiff's interactions with Barnaby's website; without requiring such factual details from Plaintiff, Barnaby could be unfairly prejudiced by having to continue to defend this case until it can prove that Plaintiff lacks standing.

Plaintiff is apparently resistant to adding details like *when* she browsed Barnaby's website or made purchases, and *what* products she purchased, but Plaintiff put this information at issue when she initiated suit based on these issues. Options such as filing as Jane Roe were available to Plaintiff, and options such as publicly filing a redacted Second Amended Complaint (while filing the unredacted version under seal) remain available to Plaintiff. Thus, no justification exists to exempt Plaintiff from basic pleading standards based on the purported sensitivity of information Plaintiff has placed at issue.

Plaintiff cannot bootstrap into actionable allegations her generalized claims that Barnaby shared categorical information about other generic consumers' choices of products, or that such hypothetical customers may have viewed a specific product, entered searches, added products to their cart, or purchased products, when Plaintiff herself fails to allege whether, when, and how she may have acted to provide any information to Barnaby and Microsoft. For these reasons, the

Court should dismiss the FAC, just as occurred in *Cousin v. Sharp Healthcare*, where dismissal was granted based on the plaintiffs' dearth of allegations to sustain the claims. 681 F. Supp. 3d 1117 (S.D. Cal. 2023).

**A. Plaintiff Does Not Allege Sufficient Facts to Show Standing**

As previously argued, Plaintiff lacks standing to pursue claims against Barnaby's www.babeland.com website (the "Babeland website"). It is axiomatic that Plaintiff could not have been harmed by Microsoft's alleged session replay technologies (Clarity and/or related Microsoft tracking technologies) embedded on the Babeland website if she never visited it. Thus, Plaintiff cannot demonstrate an injury-in-fact to support standing to pursue claims against the Babeland website. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) (affirming dismissal of UCL claim where the plaintiff did not claim he ever visited the defendant's website which contained the alleged misrepresentations).

Plaintiff's opposition attempts to obfuscate this issue with class certification and argues that Plaintiff has standing to bring claims regarding a website she never visited because others who may have visited that website may have incurred harms similar to those that Plaintiff allegedly experienced when visiting www.goodvibes.com (the "Goodvibes website"). Plaintiff is wrong in asserting that it is Barnaby's obligation to show Plaintiff's claims are not substantially similar to those of other individuals who may have visited the Babeland website or that any substantial similarity issues should be decided at the class certification stage.

While it is true that "a plaintiff may have standing to assert claims for unnamed class members based on *products* he or she did not purchase so long as the products [plaintiff purchased] and alleged misrepresentations [plaintiff experienced] are substantially similar[,]" *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012) (emphasis

added), this principle is limited to products and misrepresentations, not website functionality, and, as noted above, Plaintiff dodges providing any information about her own experiences that would allow a Court to conclude other class members' experiences were similar to Plaintiffs. *See Freund v. HP, Inc.*, 2023 WL 187506, at **6-7 (N.D. Cal. Jan. 13, 2023) (finding plaintiffs lacked standing to assert claims for unnamed class members based on products they never purchased because the "complaint contains no factual allegations that the non-purchased products are substantially similar to the purchased products."). This action concerns the one website Plaintiff allegedly visited and the information she may have conveyed – rendering it readily distinguishable from all the cases Plaintiff incorrectly cites as supporting her standing to assert claims against the Babeland website. Without knowing what products Plaintiff may have purchased, Plaintiff has no basis for invoking the substantially similar doctrine to establish standing.

Even assuming *arguendo* that the substantially similar doctrine could be applied to distinct websites' alleged use of session replay technology, the FAC does not allege the Babeland and Goodvibes websites are substantially similar. Plaintiff argues that "[f]or all material purposes of her claim, she alleges the websites are identical," but her citation for this point (FAC ¶¶ 12-21 and fn. 1-4), reveals the only similarity between the websites the FAC notes are that their privacy policies are substantively identical. FAC ¶ 17. Without additional allegations suggesting the two websites are substantially similar, the FAC is incapable of supporting Plaintiff's standing to pursue claims against the Babeland website. *See Carroll v. Myriad Genetics, Inc.*, 2022 WL 16860013, at **6-7 (N.D. Cal. Nov. 9, 2022).

Plaintiff has not even alleged sufficient facts to show she has standing regarding the Goodvibes website. Plaintiff's opposition argues that the FAC lays out Article III standing-

sufficient injuries in the forms of: (1) "an economic injury in the form of overpayment for goods," and (2) "the invasion of her privacy." Opp. Br. at 1. However, a close reading of the FAC shows neither of these so-called injuries are actually pled against Barnaby. First, no allegations exist concerning overpayment for goods.[1] Second, not one of the 58 instances Plaintiff uses the word "privacy" in the FAC alleges that Barnaby violated and/or invaded Plaintiff's privacy (instead, such allegations concern only Microsoft). While Plaintiff alleges that "Barnaby violate[d] its Privacy Policies," there are no allegations expressing that Barnaby violated Plaintiff's privacy. Moreover, if Plaintiff believed Barnaby violated her privacy, she presumably would have included Barnaby alongside Microsoft in her claims for invasion of privacy (Counts Four and Five of the FAC). Thus, neither of the harms Plaintiff cites in her opposition to argue she has standing to bring claims against Barnaby are alleged in the FAC.

Instead, the only alleged harms presented in the FAC against Barnaby are unsupported, conclusory refences to: (i) "damages in a sum to be determined at trial," (ii) "injury in fact and lost money," and (iii) statutory damages. FAC ¶¶ 105, 134, and 144. Plaintiff attempts to argue that because Barnaby's website supposedly collects and shares with Microsoft information from "consumers" who visit the website, her prior visits must have resulted in Barnaby collecting information that "has the capacity and tendency to reveal [her] sexual orientation" and sexual practices/preferences, thereby invading her privacy. *See* Opp. Br. at 2, FAC ¶¶ 12-13. Again, no specific allegations regarding Plaintiff are pled in the FAC, and Plaintiff's leap of logic does not meet federal pleading standards. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

[1] Similarly, Plaintiff argues in her opposition that Barnaby intercepted and shared her personally identifying information - "her name, home address, email address, telephone number, and credit card information" - with Microsoft. Opp. Br. at 3. Yet this allegation is not in the FAC!

(requiring more than a "sheer possibility," "naked assertion," "labels and conclusions," or "a formulaic recitation of the elements").

It is impossible for this Court to assume or infer that Plaintiff's unspecified browsing or purchase history may have revealed her sexuality or sexual orientation. Without support for her PPSI theory, Plaintiff cannot claim she has standing on this basis. In addition to adult products, Barnaby sells innocuous products, and myriad reasons exist why a customer might search for and/or purchase an adult product (be it personal use, a gift, gag, education, etc.). In *Cousin v. Sharp Healthcare*, 2023 WL 4484441, *3 (S.D. Cal., July 12, 2023), the plaintiffs similarly "allege[d] in a conclusory manner that [the] defendant disclosed to Meta their personal, confidential, and sensitive medical information … [to which the court found that] these allegations are conclusory and devoid of any factual support." *See also*, *Am. Hosp. Ass'n v. Becerra*, 2024 WL 3075865, at * 24 n.7 (N.D. Tex. June 20, 2024) (finding "the connection between a person's browsing history" metadata and her personally identifiable information is too tenuous); *see also Popa v. PSP Grp., LLC*, 2023 WL 7001456, at *4 (W.D. Wash. Oct. 24, 2023) (dismissing for lack of standing and involving the exact same session replay technologies as here due to the plaintiff's failure to allege disclosure of any personally identifiable information, that such information was captured by the defendants, or that the defendants were able to connect the information to her identity). Here too, the Court should find that without knowing what product(s) Plaintiff purchased or any personal information she shared – information that was well within Plaintiff's knowledge and that she has twice had the opportunity to plead in the original complaint and the FAC – the FAC does not demonstrate standing.

**B. Plaintiff Fails to Plead the Necessary Elements of Any of Her Claims**

**1. Plaintiff Does Not Allege Sufficient Facts to Sustain Her UCL and Negligence Claims**

Critically, Plaintiff does not allege any facts to show that she "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. While her opposition attempts to argue that she overpaid for goods, was denied the benefit of the bargain, and that "she paid money to Barnaby in making her purchases," Opp. Br. at 1 and 6-7, such allegations are nowhere to be found in the FAC[2]. Instead, looking solely to the FAC, the only thing Plaintiff impermissibly concludes in support of her UCL claim is that Barnaby's supposedly unfair and/or unlawful business practices caused her and putative class members to "suffer[] injury in fact and lost money." FAC ¶ 134. As explained in Barnaby's moving brief, such allegations untethered to any factual support cannot substantiate a UCL claim. Thus, Plaintiff fails to demonstrate an "economic injury" and cannot show standing to maintain her UCL claim. *R.C. v. Walgreen Co.,*—— F. Supp. 3d ——, ——, 2024 WL 2263395 at *17 (C.D. Cal. May 9, 2024) (*quoting Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 324 (2011)).

Similarly, Plaintiffs' vague allegations hardly demonstrate the UCL's unfair and unlawful prongs, let alone meet the heightened pleading standards of Rule 9. *See Williams v. J.P. Morgan Chase Bank, N.A.*, 2023 WL 3590682 at *3 (N.D. Cal. May 22, 2023); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). While Plaintiff's opposition attempts to interject a watered-down explanation of Rule 9's "who, what, when, where, and how of the

[2] Plaintiff acknowledges this deficiency, going so far as to request leave of Court to amend the FAC to include new claims and allegations of damages, akin to those she included in her initial disclosures to Microsoft. The Court should not countenance such deficient pleading practices.

misconduct charged" under the UCL claim, she provides no explanation as to why any of this content was previously omitted from the original complaint and the FAC. *Id.*

Because the FAC attempts to allege that Barnaby engaged in a "unified course of fraudulent conduct" to form the basis of her UCL claim, under the Nineth Circuit's holding in *Kearns*, Plaintiff was required to plead with the particularity of Rule 9(b). *Id.* As explained above, Plaintiff has not alleged: (1) any specific dates she visited Barnaby's website to browse and/or purchase products (the when); (2) any specific products she viewed, browsed, searched for, and/or purchased (the what); and (3) how such products reveal her personally identifiable information or a protected interest (not that they may, but specifically how) (the how). In short, Plaintiff has had two opportunities to plead damages and allege facts beyond a mere parroting of the UCL's elements, yet Plaintiff provides no explanation why she should be afforded a third chance after having twice known of these allegations and having provided them in her initial disclosures.

Plaintiff's negligence claim suffers from similar deficiencies as the UCL claim, as the opposition again invites the reader to consider allegations that are nowhere in the FAC. Plaintiff's opposition argues that the negligence claim is only deficient "depending on [how one] read[s the] FAC." Opp. Br. at 7. Despite the FAC never mentioning the word "duty" outside a parroting of a claim's elements, *see* FAC ¶¶ 122, 143, the opposition contends it is implicit in the FAC that Barnaby owed a duty under CIPA, and the nature of Barnaby's business imposes "a duty to safeguard the . . . information it collects." Opp. Br. at 7. This is not acceptable pleading practice. If Plaintiff seeks to establish the existence of a duty, she was required to allege that such a duty exits in the FAC. Her failure to do so should be fatal to this claim. Likewise, the opposition impermissibly invites the reader to infer breach, causation, and damages. Looking to the FAC,

none of these elements are factually supported in any way. Indeed, Plaintiff's allegation that she has "sustained damages in a sum to be determined at trial" should be rejected out of hand by the Court as nothing more than a bald assertion failing the most liberal Rule 8 standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**2. Plaintiff Does Not Allege Sufficient Facts to Show Barnaby Violated CIPA**

Plaintiff's CIPA claim is premised on the theory that Barnaby violated Cal. Penal Code § 631(a) by aiding Microsoft's violations of CIPA. However, Plaintiff does not present sufficient allegations that Microsoft accessed the "contents" of any communications or that the contents of communications were accessed "in transit" – a reality Plaintiff realizes, admitting "she could amend the Complaint to add" details of her interactions with Barnaby's website. Opp. Br. at 11.

As is more fully explained in Barnaby's moving brief, the facts alleged in the FAC (which are - at most - mouse movements, clicks, scrolls, page navigation, and product views and purchases) constitute nothing more than record information that cannot support a CIPA claim. *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 n.9 (N.D. Cal. 2023) (finding "Defendant is correct that [] pieces of information, which include webpage titles, webpage keywords, the date and times of website visits, IP addresses, page visits, purchase intent signals, and add-to-cart actions, are conceded to be record information that does not constitute "content"). None of this information indicates a substantive message that a user "intended to communicate." *Gonzalez v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1085 (N.D. Cal. 2018). Instead, the information reflects, at most, "data about [a] communication" – not the contents of the communication itself. *Id.* at 1084. Critically, as detailed above, since Plaintiff does not allege that she herself engaged in any specific communications and does not provide any details as to

her interactions with Barnaby's website, the FAC's bare allegations regarding Barnaby's public website do not implicate "content" under CIPA, much less support her claims that her sexuality and sexual orientation was accessed or disclosed. Although the opposition argues that unnamed customers' PII (*e.g.*, name, email address, home address, phone number, credit card information, and whether the consumer is over the age of 18) was accessed by Barnaby and shared with Microsoft, Opp. Br. at 9-10, such allegations are absent from the FAC regarding Plaintiff. Lacking details of Plaintiff's specific interactions with Barnaby's website, the FAC does not allege "contents" in line with any of the cases cited in her opposition, let alone that the contents of the messages were used or read while "in transit." *B.K. v. Eisenhower Med. Ctr.*, 2024 WL 878100, at *4 (C.D. Cal. Feb. 29, 2024) (finding claims that defendant "intercepted, viewed, used, and analyzed" information overly "vague" to show defendant actually viewed or used the data).

## V. CONCLUSION

For all the reasons stated above, Plaintiff's First Amended Complaint should be dismissed in its entirety.

October 4, 2024

Respectfully submitted,

By: /s/ *James F. Monagle*
James F. Monagle

*Attorneys for Defendant*
*Barnaby Ltd., LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 4, 2024, I electronically filed the foregoing DEFENDANT'S REPLY IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT with the United States District Court for the Northern District of California by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

DATED: October 4, 2024

Respectfully submitted,

By: /s/ *James F. Monagle*
James F. Monagle