DAVIS WRIGHT TREMAINE LLP
James H. Moon (SBN 268215)
jamesmoon@dwt.com
Daniel H. Leigh (SBN 310673)
danielleigh@dwt.com
Sancho Accorsi (SBN 329413)
sanchoaccorsi@dwt.com
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant Microsoft Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

STELLA TATOLA,

Plaintiff,

v.

BARNABY LTD., LLC, and MICROSOFT CORPORATION,

Defendants.

Case No. 3:24-cv-03789-JD

**DEFENDANT MICROSOFT CORPORATION'S ANSWER TO SECOND AMENDED COMPLAINT**

Assigned to the Honorable James Donato
Courtroom 11

Defendant Microsoft Corporation ("Microsoft") hereby answers the corresponding numbered paragraphs of the Second Amended Complaint ("SAC") filed by Plaintiff Stella Tatola ("Plaintiff") as follows:

**INTRODUCTION**

1. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and therefore denies them.

2. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 regarding Plaintiff's and Barnaby's knowledge, and therefore denies them. Microsoft denies the remaining allegations in paragraph 2.

3. Microsoft admits Plaintiff purports to represent a class and to enjoin conduct alleged in the SAC, but denies that it has violated any alleged statutory, constitutional, or common law duty or that Plaintiff is entitled to any of the relief sought. Except as expressly admitted, Microsoft denies the allegations in paragraph 3.

**JURISDICTION AND VENUE**

4. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that the facts alleged in Plaintiff's Second Amended Complaint satisfy the jurisdictional requirements in 28 U.S.C. § 1332(d) and 28 U.S.C. § 1331 but denies that the Court has jurisdiction over this case. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 as they relate to other parties, and therefore denies them. Except as expressly admitted, Microsoft denies the allegations in paragraph 4.

5. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft did not dispute the Court's personal jurisdiction over Microsoft for purposes of this lawsuit. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 as they relate to the other

Defendant, and therefore denies them. Except as expressly admitted, Microsoft denies the allegations in paragraph 5.

6. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft did not dispute that venue is proper in this judicial district as to Microsoft for purposes of this lawsuit. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 as they relate to the other Defendant, and therefore denies them. Except as expressly admitted, Microsoft denies the allegations in paragraph 6.

## DIVISIONAL ASSIGNMENT

7. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft does not dispute the divisional assignment. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 as they relate to the other Defendant, and therefore denies them. Except as expressly admitted, Microsoft denies the allegations in paragraph 7.

## PARTIES

8. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and therefore denies them.

9. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and therefore denies them.

10. Microsoft admits the allegations in paragraph 10.

## FACTS

### I. By Using its Websites, Consumers Communicate Private Sexual Information to Barnaby

11. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and therefore denies them.

12. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and therefore denies them.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

13. Microsoft admits that Plaintiff purports to characterize certain websites, which speak for themselves. Microsoft denies the allegations in Paragraph 13 to the extent they mischaracterize the webpages or take the webpages out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and therefore denies them.

14. Microsoft admits that Plaintiff purports to quote and characterize certain webpages, which speak for themselves. Microsoft denies the allegations in Paragraph 14 to the extent they mischaracterize the webpages or take the webpages out of context. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore denies them.

**II. Users of the Websites Have a Reasonable Expectation of Privacy in their PPSI**

15. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and therefore denies them.

16. Microsoft admits that Plaintiff purports to quote certain webpages, which speak for themselves. Microsoft denies the allegations in Paragraph 16 to the extent they mischaracterize the webpages or take the webpages out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore denies them.

17. Microsoft admits that Plaintiff purports to quote and characterize certain webpages and documents, which speak for themselves. Microsoft denies the allegations in Paragraph 17 to the extent they mischaracterize the webpages or documents or take the webpages or documents out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and therefore denies them.

18. Microsoft admits that Plaintiff purports to quote and characterize certain documents, which speak for themselves. Microsoft denies the allegations in Paragraph 18 to the extent they



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

extent they mischaracterize the documents or take the documents out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and therefore denies them.

19. Microsoft admits that Plaintiff purports to quote and characterize certain documents, which speak for themselves. Microsoft denies the allegations in Paragraph 19 to the extent they mischaracterize the documents or take the documents out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and therefore denies them.

20. Microsoft admits that Plaintiff purports to quote and characterize certain documents, which speak for themselves. Microsoft denies the allegations in Paragraph 20 to the extent they mischaracterize the documents or take the documents out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and therefore denies them.

21. Microsoft admits that Plaintiff purports to quote and characterize certain documents, which speak for themselves. Microsoft denies the allegations in Paragraph 21 to the extent they mischaracterize the documents or take the documents out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and therefore denies them.

## III. Users of the Websites Have a Reasonable Expectation of Privacy in their PPSI

### A. Microsoft's Machine Unique Identifier

22. Microsoft admits that Plaintiff purports to quote and characterize certain webpages, which speak for themselves. Microsoft denies the allegations in Paragraph 22 to the extent they mischaracterize the webpages or take the webpages out of context. Microsoft admits that a Machine Unique Identifier, or MUID, is a randomly generated alphanumeric string associated with a unique web browsing application used on a specific device for a certain time period. Except as expressly admitted, Microsoft denies the allegations in paragraph 22.

23. Microsoft admits that MUIDs are stored as cookies. Except as expressly admitted, Microsoft denies the allegations in paragraph 23.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

24. Microsoft admits that Plaintiff purports to quote and characterize a webpage, which speaks for itself. Microsoft denies the allegations in Paragraph 24 to the extent they mischaracterize the webpage or take the webpage out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 24.

25. Microsoft admits that Plaintiff purports to quote and characterize certain webpages, which speak for themselves. Microsoft denies the allegations in Paragraph 25 to the extent they mischaracterize the webpages or take the webpages out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 25.

**B. The Microsoft Universal Event Tracker**

26. Microsoft admits that it offers a tool called the Universal Event Tracker, or UET, to website owners, that UET is offered through Microsoft Advertising, and that UET can be used by website owners to analyze certain website activity. Except as expressly admitted, Microsoft denies the allegations in paragraph 26.

27. Microsoft admits that it offers a tool called the Universal Event Tracker, or UET, to website owners, and that UET is offered through Microsoft Advertising. Microsoft further admits that UET can be used by website operators to send data regarding certain website actions and their associated MUIDs to Microsoft. This paragraph contains legal conclusions to which no response is required. Except as expressly admitted, Microsoft denies the allegations in paragraph 27.

28. Microsoft admits that it uses certain information it obtains from UET to improve its advertising targeting services. Except as expressly admitted, Microsoft denies the allegations in paragraph 28.

**C. Microsoft Clarity**

29. Microsoft admits that Plaintiff purports to quote and characterize a webpage, which speaks for itself. Microsoft denies the allegations in Paragraph 29 to the extent they mischaracterize the webpage or take the webpage out of context. Microsoft admits that it offers Clarity to website owners and that Clarity is designed to automatically mask certain fields. Except as expressly admitted, Microsoft denies the allegations in paragraph 29.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

30. Microsoft admits that Plaintiff purports to quote and characterize a webpage, which speaks for itself. Microsoft denies the allegations in Paragraph 30 to the extent they mischaracterize the webpage or take the webpage out of context. Except as expressly admitted, Microsoft denies the allegations in paragraph 30.

31. Microsoft admits that Plaintiff purports to quote and characterize a webpage, which speaks for itself. Microsoft denies the allegations in Paragraph 31 to the extent they mischaracterize the webpage or take the webpage out of context. Except as expressly admitted, Microsoft denies the allegations in paragraph 31.

32. Microsoft admits that Plaintiff purports to quote and characterize a webpage, which speaks for itself. Microsoft denies the allegations in Paragraph 32 to the extent they mischaracterize the webpage or take the webpage out of context. Except as expressly admitted, Microsoft denies the allegations in paragraph 32.

**D. Barnaby Allows Microsoft to Eavesdrop on Website Users Without Their Consent**

33. Microsoft denies the allegations in paragraph 33 as they relate to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 as they relate to the other Defendant, and therefore denies them.

34. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and therefore denies them.

35. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and therefore denies them.

36. Microsoft admits that Plaintiff purports to characterize certain documents, which speak for themselves. Microsoft denies the allegations in Paragraph 36 to the extent they mischaracterize the documents or take the documents out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and therefore denies them.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

37. Microsoft admits that Plaintiff purports to characterize certain documents, which speak for themselves. Microsoft denies the allegations in Paragraph 37 to the extent they mischaracterize the documents or take the documents out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and therefore denies them.

38. Microsoft admits that Plaintiff purports to characterize certain documents, which speak for themselves. Microsoft denies the allegations in Paragraph 38 to the extent they mischaracterize the documents or take the documents out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and therefore denies them.

39. Microsoft admits that Plaintiff purports to characterize certain documents, which speak for themselves. Microsoft denies the allegations in Paragraph 39 to the extent they mischaracterize the documents or take the documents out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and therefore denies them.

40. Microsoft admits that Plaintiff purports to characterize certain documents, which speak for themselves. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, and therefore denies them.

41. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 41.

42. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 42.

43. Microsoft admits that Plaintiff purports to quote and characterize certain webpages, which speak for themselves. Microsoft denies the allegations in Paragraph 43 to the extent they mischaracterize the webpages or take the webpages out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and therefore denies them.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

44. Microsoft admits that Plaintiff purports to quote and characterize certain webpages, which speaks for themselves. Microsoft denies the allegations in Paragraph 44 to the extent they mischaracterize the webpages or take the webpages out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and therefore denies them.

45. Microsoft admits that Plaintiff purports to quote certain webpages, which speaks for themselves. Microsoft denies the allegations in Paragraph 45 to the extent they mischaracterize the webpages or take the webpages out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and therefore denies them.

46. Microsoft admits that Plaintiff purports to characterize and quote certain webpages, which speak for themselves. Microsoft denies the allegations in Paragraph 46 to the extent they mischaracterize the webpages or take the webpage out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and therefore denies them.

47. Microsoft admits that Plaintiff purports to characterize and quote certain webpages, which speak for themselves. Microsoft denies the allegations in Paragraph 47 to the extent they mischaracterize the webpages or take the webpage out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47, and therefore denies them.

48. Microsoft admits that Plaintiff purports to characterize and quote certain webpages, which speak for themselves. Microsoft denies the allegations in Paragraph 48 to the extent they mischaracterize the webpages or take the webpage out of context. Except as expressly admitted, Microsoft denies the allegation in Paragraph 48 to the extent they pertain to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 pertaining to other parties, and therefore denies them.

49. Microsoft denies the allegations in paragraph 49.

50. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 50.

51. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 51.

52. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 52.

## IV. Privacy Laws

### A. California Invasion of Privacy Act (CIPA)

53. Microsoft admits that Plaintiff purports to quote California Penal Code § 630, which speaks for itself. Microsoft denies the allegations in Paragraph 53 to the extent they mischaracterize California Penal Code § 630 or take California Penal Code § 630 out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53, and therefore denies them.

54. Microsoft admits that Plaintiff purports to quote and characterize California Penal Code § 631, which speaks for itself. Microsoft denies the allegations in Paragraph 54 to the extent they mischaracterize California Penal Code § 631 or take California Penal Code § 631 out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 54.

55. Microsoft admits that Plaintiff purports to quote and characterize California Penal Code § 631, which speaks for itself. Microsoft denies the allegations in Paragraph 55 to the extent they mischaracterize California Penal Code § 631 or take California Penal Code § 631 out of context. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft denies the allegations in paragraph 55.

56. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 56.

57. This paragraph contains legal conclusions to which no response is required. To the extent a further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57, and therefore denies them.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

58. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft denies the allegations in paragraph 58.

59. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Plaintiff purports to characterize California Penal Code § 631, which speaks for itself. Microsoft denies the allegations in Paragraph 59 to the extent they mischaracterize California Penal Code § 631 or take California Penal Code § 631 out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 59.

60. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Plaintiff purports to characterize California Penal Code § 631, which speaks for itself. Microsoft denies the allegations in Paragraph 60 to the extent they mischaracterize California Penal Code § 631 or take California Penal Code § 631 out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 60.

61. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Plaintiff purports to characterize California Penal Code § 631, which speaks for itself. Microsoft denies the allegations in Paragraph 61 to the extent they mischaracterize California Penal Code § 631 or take California Penal Code § 631 out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 61.

62. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Plaintiff purports to characterize California Penal Code § 631, which speaks for itself. Microsoft denies the allegations in Paragraph 62 to the extent they mischaracterize California Penal Code § 631 or take California Penal Code § 631 out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 62.

63. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Plaintiff purports to characterize



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

California Penal Code §§ 631 & 637.2, which speaks for themselves. Microsoft denies the allegations in Paragraph 63 to the extent they mischaracterize California Penal Code §§ 631 & 637.2 or take California Penal Code §§ 631 & 637.2 out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 63.

64. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft denies the allegations in paragraph 64 pertaining to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 regarding other parties, and therefore denies them.

65. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 65.

66. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 66 as they relate to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 as they relate to the other Defendant, and therefore denies them.

**B. Federal Wiretap Act**

67. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits that Plaintiff purports to quote *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020), which speaks for itself. Microsoft denies the allegations in Paragraph 67 to the extent they mischaracterize that case or take that case out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 67.

68. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits that Plaintiff purports to quote and characterize 18 U.S.C. § 2511, which speaks for itself. Microsoft denies the allegations in Paragraph 68 to the extent they mischaracterize 18 U.S.C. § 2511 or take 18 U.S.C. § 2511 out of



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

context. To the extent further response is required, Microsoft denies the allegations in paragraph 68.

69. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits that Plaintiff purports to quote and characterize 18 U.S.C. § 2511, which speaks for itself. Microsoft denies the allegations in Paragraph 69 to the extent they mischaracterize 18 U.S.C. § 2511 or take 18 U.S.C. § 2511 out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 69.

70. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 70.

71. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits that Plaintiff purports to quote and characterize 18 U.S.C. § 2511, which speaks for itself. Microsoft denies the allegations in Paragraph 71 to the extent they mischaracterize 18 U.S.C. § 2511 or take 18 U.S.C. § 2511 out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 71.

72. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft denies the allegations in paragraph 72.

**C. Common Law Invasion of Privacy**

73. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits that Plaintiff purports to quote and characterize *Matera v. Google Inc.*, 2016 WL 5339806 (N.D. Cal. Sept. 23, 2016), and Samuel D. Warren & Louis Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 193 (1890), which speak for themselves. Microsoft denies the allegations in Paragraph 73 to the extent they mischaracterize those documents or take those documents out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 73.

74. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits that Plaintiff purports to quote and

characterize Restatement (Second) of Torts § 652B (1977), and *Griswold v. Connecticut*, 381 U.S. 479 (1965), which speak for themselves. Microsoft denies the allegations in Paragraph 74 to the extent they mischaracterize those documents or take those documents out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 74.

75. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft denies the allegations in paragraph 75.

**D. California Constitution**

76. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits that Plaintiff purports to quote and characterize CAL. CONST. ART. I, § 1, *Shulman v. Group W Prods., Inc*., 18 Cal. 4th 200 (1998), and *Gill v. Curtis Pub. Co.*, 38 Cal. 2d 273 (1952), which speak for themselves. Microsoft denies the allegations in Paragraph 76 to the extent they mischaracterize those documents or take those documents out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 76.

77. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77, and therefore denies them.

78. Microsoft admits that Plaintiff purports to quote and characterize a document, which speaks for itself. Microsoft denies the allegations in Paragraph 78 to the extent they mischaracterize the document or take the document out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78, and therefore denies them.

79. Microsoft admits that Plaintiff purports to quote and characterize a document, which speaks for itself. Microsoft denies the allegations in Paragraph 79 to the extent they mischaracterize the document or take the document out of context. To the extent further response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79, and therefore denies them.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

80. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80, and therefore denies them.

81. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81, and therefore denies them.

82. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82, and therefore denies them.

83. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83, and therefore denies them.

84. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84, and therefore denies them.

85. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85, and therefore denies them.

86. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86, and therefore denies them.

87. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87, and therefore denies them.

88. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88, and therefore denies them.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

89. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89, and therefore denies them.

90. Microsoft admits Plaintiff purports to represent a class, but denies that it has violated any alleged statutory, constitutional, or common law duty or that Plaintiff is entitled to represent a class or to any of the relief sought. Except as expressly admitted, Microsoft denies the allegations in paragraph 90.

91. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 91.

92. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 92.

93. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 93.

94. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 94.

95. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 95.

96. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 96.

97. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 97 as they relate to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 as they relate to the other Defendant, and therefore denies them.

98. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 98.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of the California Invasion of Privacy Act (CIPA)

### (Against Barnaby and Microsoft on behalf of the California Subclass)

99. Microsoft re-alleges and incorporates by reference its responses as set forth herein.

100. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100, and therefore denies them.

101. Microsoft denies the allegations in paragraph 101.

102. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102, and therefore denies them.

103. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103, and therefore denies them.

104. Microsoft denies the allegations in paragraph 104.

105. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 105.

106. This paragraph contains legal conclusions to which no response is required. To the extent a further response is required, Microsoft denies the allegations in paragraph 106 pertaining to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 106, and therefore denies them.

107. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 107.

108. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108, and therefore denies them.

109. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109, and therefore denies them.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

110. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 110.

111. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 111 pertaining to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 111, and therefore denies them.

112. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 112.

**SECOND CAUSE OF ACTION**

**Violation of the Federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.***

**(Against Microsoft on behalf of the Class)**

113. Microsoft re-alleges and incorporates by reference its responses as set forth herein.

114. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits that Plaintiff purports to quote and characterize 18 U.S.C. § 2511, which speaks for itself. Microsoft denies the allegations in Paragraph 114 to the extent they mischaracterize 18 U.S.C. § 2511 or take 18 U.S.C. § 2511 out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 114.

115. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 115.

116. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 116.

117. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117, and therefore denies them.

118. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits Plaintiff purports to seek preliminary,



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

equitable, and declaratory relief, actual or statutory damages, punitive damages, and attorneys' fees, but denies that it has violated any alleged statutory, constitutional, or common law duty or that Plaintiff is entitled to any of the relief sought. Except as expressly admitted, Microsoft denies the allegations in paragraph 118.

**THIRD CAUSE OF ACTION**

**Intrusion Upon Seclusion**

**(Against Microsoft on behalf of the Class)**

119. Microsoft re-alleges and incorporates by reference its responses as set forth herein.

120. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120, and therefore denies them.

121. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121, and therefore denies them..

122. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 122.

123. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 123.

124. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits Plaintiff purports to seek injunctive relief and damages, but denies that it has violated any alleged statutory, constitutional, or common law duty or that Plaintiff is entitled to any of the relief sought. Except as expressly admitted, Microsoft denies the allegations in paragraph 124.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

**FOURTH CAUSE OF ACTION**

**Violation of California's Constitutional Right to Privacy, Cal. Const. Art. I, § 1**

**(Against Microsoft on behalf of the California Subclass)**

125. Microsoft re-alleges and incorporates by reference its responses as set forth herein.

126. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 126.

127. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 127.

128. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 128.

129. This paragraph contains legal conclusions to which no response is required. To the extent further a is required, Microsoft denies the allegations in paragraph 129.

130. This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Microsoft admits Plaintiff purports to seek injunctive relief and damages, but denies that it has violated any alleged statutory, constitutional, or common law duty or that Plaintiff is entitled to any of the relief sought. Except as expressly admitted, Microsoft denies the allegations in paragraph 130.

**FIFTH CAUSE OF ACTION**

**Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(Against Barnaby and Microsoft on Behalf of the California Subclass)**

131. Microsoft re-alleges and incorporates by reference its responses as set forth herein.

132. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Plaintiff purports to quote and characterize Cal. Bus. & Prof. Code § 17200, which speaks for itself. Microsoft denies the allegations in Paragraph 132 to the extent they mischaracterize Cal. Bus. & Prof. Code § 17200



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

or take Cal. Bus. & Prof. Code § 17200 out of context. To the extent further response is required, Microsoft denies the allegations in paragraph 132.

133. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 133 as they relate to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133 as they relate to the other Defendant, and therefore denies them.

134. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 134 as they relate to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134 as they relate to the other Defendant, and therefore denies them.

135. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits Plaintiff purports to reserve the right to allege other violations of law, but denies that it has violated any alleged statutory, constitutional, or common law duty or that Plaintiff is entitled to any of the relief sought. Except as expressly admitted, Microsoft denies the allegations in paragraph 135.

136. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 136 as they relate to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136 as they relate to the other Defendant, and therefore denies them.

137. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 137 as they relate to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137 as they relate to other Defendants, and therefore denies them.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

138. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 138 as they relate to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138 as they relate to the other Defendant, and therefore denies them.

139. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 139 as they relate to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139 as they relate to the other Defendant, and therefore denies them.

140. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 140 as they relate to Microsoft. Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 140 as they relate to the other Defendant, and therefore denies them.

141. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits Plaintiff purports to seek injunctive relief, but denies that it has violated any alleged statutory, constitutional, or common law duty or that Plaintiff is entitled to any of the relief sought. Except as expressly admitted, Microsoft denies the allegations in paragraph 141.

142. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits Plaintiff purports to seek injunctive relief, but denies that it has violated any alleged statutory, constitutional, or common law duty or that Plaintiff is entitled to any of the relief sought. Except as expressly admitted, Microsoft denies the allegations in paragraph 142.

**SIXTH CAUSE OF ACTION**

**Unjust Enrichment**

**(Against Microsoft on behalf of the Class)**

143. Microsoft re-alleges and incorporates by reference its responses as set forth herein.

144. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 144.

145. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 145.

146. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in paragraph 146.

147. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits Plaintiff purports to seek equitable relief, but denies that it has violated any alleged statutory, constitutional, or common law duty or that Plaintiff is entitled to any of the relief sought. Except as expressly admitted, Microsoft denies the allegations in paragraph 147.

**SEVENTH CAUSE OF ACTION**

**Negligence**

**(Against Barnaby on behalf of the Class)**

148. Microsoft re-alleges and incorporates by reference its responses as set forth herein.

149. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149, and therefore denies them.

150. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150, and therefore denies them.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

**PRAYER FOR RELIEF**

151. Microsoft admits Plaintiff purports to seek to represent a class and to seek preliminary, equitable, and declaratory relief, actual or statutory damages, punitive damages, and attorneys' fees, but denies that it has violated any alleged statutory, constitutional, or common law duty or that Plaintiff is entitled to any of the relief sought. Except as expressly admitted, Microsoft denies the allegations in paragraph 151.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Without conceding that any of the following necessarily must be pleaded as an affirmative defense or that any of the following is not already at issue by virtue of the foregoing responses to Plaintiff's allegations, Microsoft hereby asserts the following defenses. Microsoft reserves the right to amend or supplement its affirmative defenses.

**First Defense**

**(Failure to State a Claim)**

1. Plaintiff and the putative class members fail to state a claim for which relief may be granted.

**Second Defense**

**(Consent)**

2. Plaintiff and the putative class members expressly or impliedly consented to the alleged data collection.

**Third Defense**

**(No Injury/Standing)**

3. Plaintiff and the putative class members sustained no cognizable injury or damages attributable to Microsoft.

**Fourth Defense**

**(Failure to Mitigate)**

4. Plaintiff and the putative class members failed to take reasonable steps to mitigate their alleged damages, if any.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

**Fifth Defense**

**(Estoppel, Waiver, Unclean Hands)**

5. Plaintiff's and the putative class members' claims are barred by estoppel, waiver, unclean hands, *in pari delicto*, and other equitable defenses.

**Sixth Defense**

**(Substantial Compliance/Good Faith)**

6. Microsoft established and implemented, with due care, reasonable practices and procedures to effectively prevent the collection of website users' information to the extent protected by law. Microsoft's alleged acts or omissions were in good faith, in the exercise of reasonable business judgment, for good cause, and for legitimate business purposes and/or necessity. Microsoft conformed to all applicable laws, regulations, and industry standards.

**Seventh Defense**

**(Microsoft Not Actual or Proximate Cause)**

7. Microsoft's actions were not the actual or proximate cause of any injury suffered by Plaintiff and/or members of the putative class.

**Eighth Defense**

**(Microsoft Not Liable for Third Parties)**

8. Plaintiff's and the putative class members' claims were caused by the fault of another, including but not limited to third parties and Plaintiff and the putative class members, and Microsoft is not responsible for their conduct.

**Ninth Defense**

**(Unjust Damages)**

9. The damages sought against Microsoft would be unjust, arbitrary, oppressive, or confiscatory in light of the nature of the alleged conduct. Further, the damages sought against Microsoft would violate its due process rights under the United States and California constitutions.



DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
350 S. Grand Ave., Suite 2700
Los Angeles, CA 90071

**<u>Tenth Defense</u>**

**(Vague/Rule of Lenity)**

10. The statutes under which Plaintiff and the putative class members bring claims are unconstitutionally vague. Further, because, the rule of lenity requires that any ambiguity in the penal statutes under which Plaintiff and the putative class members bring claims must be resolved in favor of Microsoft.

**<u>Eleventh Defense</u>**

**(Extraterritoriality)**

11. The California Invasion of Privacy Act cannot be applied to conduct occurring outside California.

**<u>Twelfth Defense</u>**

**(Mistake)**

12. Plaintiff's and the putative class members' claims are barred, in whole or in part, by mistake of fact.

**<u>Thirteenth Defense</u>**

**(Statute of Limitations)**

13. Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent they arose outside the applicable statutes of limitations.

**<u>Fourteenth Defense</u>**

**(Laches)**

14. Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of laches.

//

//

//

//

//

//

**<u>Fifteenth Defense</u>**

**(Reservation of Rights)**

15. Microsoft expressly reserves the right to assert other and further affirmative defenses as may be appropriate.

Dated: April 14, 2025

DAVIS WRIGHT TREMAINE LLP

By: /s/ James H. Moon
James H. Moon

*Attorneys for Defendant Microsoft Corporation*